**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-4263**

───────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

EDDIE BERNARD ROGERS, a/k/a Mookie,

            Defendant - Appellant.

───────────

**No. 09-4426**

───────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

MELANIE DEVONE ROGERS,

            Defendant - Appellant.

───────────

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:07-cr-00208-NCT-1; 1:07-cr-00208-NCT-4)

───────────

Argued:  September 22, 2010        Decided:  December 17, 2010

───────────

Before NIEMEYER and DUNCAN, Circuit Judges, and Robert J. CONRAD, Jr., Chief United States District Judge for the Western District of North Carolina, sitting by designation.

---

Affirmed by unpublished opinion. Judge Conrad wrote the opinion, in which Judge Niemeyer and Judge Duncan joined.

---

**ARGUED:** Milton Gordon Widenhouse, Jr., RUDOLF, WIDENHOUSE & FIALKO, Chapel Hill, North Carolina; Gregory Davis, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellants. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Louis C. Allen, Federal Public Defender, Greensboro, North Carolina, for Appellants. Anna Mills Wagoner, United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

CONRAD, Chief District Judge:

Eddie Rogers (Mr. Rogers) and his wife Melanie Rogers (Mrs. Rogers) appeal their convictions and sentences following a jury trial on one count of conspiracy to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 846 and one count of maintaining a place for the purpose of distributing crack cocaine in violation of 21 U.S.C. § 856(a)(1) and § 856(b). On appeal, they allege that 1) their sentences are unreasonable; 2) their sentences violate the Sixth Amendment; and 3) with respect to Mrs. Rogers, there is insufficient evidence to support her conviction. For the following reasons, we affirm the judgment of the district court.

I.

On May 30, 2007, the appellants were indicted for conspiring with three others to distribute 50 grams or more of crack cocaine (Count One), Mr. Rogers was indicted for two substantive counts of crack cocaine distribution (Counts Two and Three), and both were indicted for maintaining their house in Laurinburg, North Carolina for the purpose of distributing crack cocaine (Count Four). The indictment was the result of a multi-year drug investigation by North Carolina law enforcement. The appellants proceeded to a joint trial where the Government introduced testimony from undercover officers and co-

3

conspirators, evidence seized during several controlled purchases, and evidence seized during two searches of the appellants' residence to show that the appellants were distributing crack cocaine from their home between 2002 and 2006. Mr. Rogers testified that he only sold cocaine on one day, to one person, in 2006. Mrs. Rogers testified that she was not involved in dealing drugs.

On August 29, 2007, a jury found that the appellants were guilty of Count One and Count Four. In the jury charge, the district court included a special interrogatory for the jury to determine the drug amounts for which each defendant was individually responsible as to Count One. The jury found Mr. Rogers accountable for 13.4 grams of crack cocaine; Mrs. Rogers was found accountable for 12.6 grams. Mr. Rogers was acquitted on Counts Two and Three of the indictment, relating to two distributions of crack cocaine in the amounts of 32 grams and 63.5 grams, respectively.

After the trial, the Probation Office prepared a Presentence Report (PSR) that attributed 6.64 kilograms (6,643.75 grams) of crack cocaine to the appellants, based on the trial testimony. The appellants objected to the drug quantity in the PSR at the initial sentencing hearing on August 22, 2008, so the district court continued the hearing to give the parties time to address this issue. On February 19, 2009,

4

the Government recalled two witnesses to testify regarding the drug quantity. The district court found that the first witness, Michael Bethea, received at least 28 grams of crack cocaine from the appellants, noting that this amount was "probably a lot less than he got, and I'm confident that he got at least that much, and I suspect much more . . . ." Joint Appendix (J.A.) 882. The district court found that the testimony of the second witness, Preston Stubbs McPhatter, established that the appellants were responsible for another 84 grams of crack cocaine. The court added the 13.8 grams of crack cocaine that had been seized by law enforcement officers during their investigation into the conspiracy, excluding the amounts related to Counts Two and Three, and reached a total drug quantity of 125.8 grams. The court noted that this total "is a low amount I found. This is in the favor of the Defendants, make no pretense that it's not." J.A. 884.

After hearing and rejecting arguments for a variance, the district court sentenced Mr. Rogers to 284 months imprisonment, near the top of his advisory Sentencing Guidelines (Guidelines) range. Mrs. Rogers was sentenced to 151 months imprisonment, at the lowest end of her Guidelines range. This appeal followed.

5

II.

The appellants argue that their sentences are unreasonable on two levels: first, Mr. Rogers argues that his sentence is procedurally unreasonable based on two assignments of error, and second, both appellants argue that their sentences are substantively unreasonable because they are greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a). We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We start by reviewing the sentence for significant procedural error, which requires us to assess whether the district court properly calculated the Guidelines range, considered the 18 U.S.C. § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. See id. at 49-50; see also United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010).

Mr. Rogers's first claim of procedural error relates to the drug quantity that the district court attributed to him at sentencing. Section 1B1.3 of the Guidelines permits district courts to take "relevant conduct" into account in determining a defendant's sentence under the Guidelines. Thus, although the jury found Mr. Rogers responsible for 13.4 grams of crack cocaine in Count One, that amount was only used to determine statutory penalties and did not preclude the district court from

6

considering all relevant conduct in calculating the drug quantity for the purpose of setting a Guidelines range. Mr. Rogers argues, however, that the district court mistakenly thought that it lacked the authority to use the jury-determined drug quantity, which was lower. As a result of the court calculating the drug quantity, Mr. Rogers received a higher sentence than he would have if the district court used the jury-determined amount. The claim that the district court did not know that it could use the jury-determined amount is derived from the following exchange between Mr. Rogers's trial counsel and the district court:

> MR. FISCHER: . . . our position is, the logical extension of all of the language that's been in *Blakely* and *Apprendi* and all of these cases that have gotten us to where we are now, where a jury has to decide drug amounts, is that when the jury hears that and decides beyond a reasonable doubt in their collective wisdom what a figure is, <u>not just for computation of the statutory maximum, but for application of the advisory guidelines</u>, that that's the figure that's used. I understand that is not strictly what the law says.
>
> THE COURT: It is not strictly what the law says. It is not even what the law says, even permissibly . . . It's not the law.

J.A. 878 (emphasis added). Mr. Rogers isolates only the district court's statement. It is clear from the entire exchange, however, that the district court was simply rejecting the argument that it was required to use the jury-determined drug amount for advisory Guidelines computations. The court

7

never said that it was prohibited from using that amount if it so chose; its refusal to exercise its judgment in Mr. Rogers's favor hardly constitutes procedural error.

Moreover, Mr. Rogers's claim is based on a misapplication of Spears v. United States, 129 S. Ct. 840 (2009) (per curiam) and Kimbrough v. United States, 552 U.S. 85 (2007). In Spears, the Supreme Court upheld a district court's reasoning — after it first determined the defendant's drug quantity and corresponding offense level — in recalculating the offense level based on a lower crack-to-powder ratio. Spears, 129 S. Ct. at 841, 845. In doing so, the Supreme Court clarified its holding in Kimbrough by establishing that the authority of district courts to vary from the crack-to-powder ratio in the Guidelines is not limited to individualized, case-specific circumstances but includes categorical, policy-based rejections of that ratio. Id. at 843-44 (citing Kimbrough, 525 U.S. at 111).

Neither Spears nor Kimbrough dealt with a district court's threshold determination of drug amounts. Rather, they concerned the application of the crack-to-powder ratio in fashioning a sentence after the drug amount and the resultant Guidelines range had already been established. This is because under the Guidelines, a district court must first determine drug amounts, including relevant conduct amounts, before it can determine the applicable Guidelines range. See USSG §§ 1B1.2, 1B1.3. Only

8

after the Guidelines range is calculated can a court decide whether it will vary on the basis of the crack-to-powder ratio, and by how much. The Supreme Court's holdings in Spears and Kimbrough do not support extending the district court's authority to vary from the Guidelines range to include the authority to change the underlying facts. Judges, like laypeople, are entitled to their own opinions but not their own facts.

Mr. Rogers's second claim of procedural unreasonableness is that the district court erred because "it is unclear" if it included conduct from Counts Two and Three, for which he was acquitted, as relevant conduct in determining the drug amount attributable to Mr. Rogers for sentencing purposes. On the contrary, it is quite clear from a plain reading of the sentencing hearing transcript that the district court did not include the 95.5 grams of crack cocaine from Counts Two and Three in calculating the drug amount. Rather, the court combined the drug quantity established at the sentencing hearing (112 grams) with the amount of crack cocaine seized by law enforcement (13.8 grams), which excluded the drug amounts related to Counts Two and Three, to reach a total drug quantity of 125.8 grams. As such, there is no basis for claiming that acquitted conduct was taken into account.

Moreover, even if the district court had included acquitted conduct in determining the drug quantity for which Mr. Rogers was responsible, there would still be no procedural error. Under settled law, sentencing courts may consider uncharged and even acquitted conduct in determining a sentence, so long as the conduct is proven by a preponderance of the evidence. See United States v. Watts, 519 U.S. 148, 157 (1997); United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994). As we have previously held, United States v. Booker, 543 U.S. 220 (2005) did not change the trial court's authority to make factual findings concerning sentencing factors by a preponderance of the evidence. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 549 U.S. 852 (2006). The district court's finding, based on a preponderance of the evidence, that Mr. Rogers was responsible for 125.8 grams of crack cocaine was therefore appropriate.

Since the district court committed no procedural error, we next evaluate whether the sentence was substantively reasonable. Here, we take into account "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010) (citing Gall, 552 U.S. at 51). A sentence within a properly determined Guidelines range is

presumed to be substantively reasonable. See Mendoza-Mendoza, 597 F.3d at 216 (citing Rita v. United States, 551 U.S. 338, 351 (2007)); United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008).

The appellants both contend that their sentences are substantively unreasonable because the disparity in the Guidelines's treatment of crack cocaine as opposed to powder cocaine offenses results in sentences greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a).[1] The appellants highlight a statement made by a Department of Justice (DOJ) official after they were sentenced, urging Congress to eliminate the sentencing disparity between crack and powder cocaine and ask us to indulge a counterfactual conditional: if this statement had been made earlier, then the prosecutor in this case would have asked the district court to apply the Guidelines range for powder instead of crack, which would have resulted in lower sentences for both defendants.

Even if this scenario had occurred, which is pure speculation, neither the DOJ official's statement nor the recommendation by the prosecutor would have required the

---

[1] Mr. Rogers also contends that his sentence is substantively unreasonable because the district court found him responsible for a much higher drug quantity than that found by the jury. As already explained, this argument is foreclosed by the district court's clear authority to make certain factual findings at sentencing.

district court to reject the Guidelines's crack-to-powder ratio. We have repeatedly rejected claims that the crack-to-powder ratio violates either the Equal Protection Clause or a defendant's due process rights. See, e.g., United States v. Perkins, 108 F.3d 512, 518, 519 (4th Cir. 1997). Moreover, while Spears permits a district court to substitute its own crack-to-powder ratio if it determines the sentencing disparity is unwarranted, it does not require courts to apply a lower ratio. See 129 S. Ct. at 843-44. Here, the district court did not determine that the sentencing disparity was unwarranted. In fact, it heard from the parties on the disparity issue, expressly recognized its authority to vary, and found that this particular case did not call for a variant sentence based on the disparity. See J.A. 897. Then, the court thoroughly discussed the relevant § 3553(a) factors that informed its decision[2] and imposed sentences that were within the Guidelines range. We thus conclude, based on a totality of the circumstances, that the sentencing court did not abuse its discretion, and the

---

[2] This discussion included that: the court's finding of drug amounts were less than they could have been, and so its decision was "ultimately fair to the Defendants" (J.A. 897); the crack cocaine that appellants sold had "horrible," "[t]errible effects on people," and the appellants were "there for a long period of time putting that stuff out" (J.A. 924); firearms were prevalent, "laying out in the living room," even around children (J.A. 925); Mr. Rogers showed a lack of remorse; both of the Rogerses lied to the court about their activities; but a sentence that included a fine would impose an undue hardship.

12

appellants have not rebutted the presumption of reasonableness that we apply to a sentence within the properly calculated Guidelines range.

The appellants next contend that their sentences violate the Sixth Amendment. They argue that the district court used facts concerning relevant conduct drug amounts that were not found by the jury. However, they acknowledge that adverse authority precludes this claim and thus raise the issue solely for the purpose of preservation. As we have repeatedly held, this claim is meritless. See United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008) (rejecting as "too creative for the law as it stands" the argument that sentences that depend on judge-found facts in order to survive reasonableness review violate the Sixth Amendment); United States v. Battle, 499 F.3d 315, 322 (4th Cir. 2007) (holding that the district court did not violate the Sixth Amendment by imposing a sentence based on facts not found by a jury); see also Rita, 551 U.S. at 352 (holding that the presumption of reasonableness that applies to sentences that are within the Guidelines does not violate the Sixth Amendment because "[t]his Court's Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence").

Finally, Mrs. Rogers claims that the evidence supporting her conviction is insufficient because all of it was based on witnesses who were untruthful. Mrs. Rogers acknowledges, however, that the credibility of witnesses is not subject to appellate review and thus raises this issue only "to preserve it in the event that new evidence of the witnesses' untruthfulness comes to light." Appellant's Brief at 21.

Our review must determine whether there is substantial evidence in the record, viewed in the light most favorable to the Government, to support the jury's finding that Mrs. Rogers is guilty beyond a reasonable doubt. See, e.g., United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). But as Mrs. Rogers concedes, "we may not 'weigh the evidence or review the credibility of the witnesses' on appellate review." United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003) (quoting United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997)). Because this claim is entirely based upon the credibility of witnesses, and no new evidence supporting this claim has come to light, it must be dismissed.


III.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED

14