**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4554**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MARKUS MAURICE HARRIS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (5:12-cr-00381-BO-1)

_____

Submitted:  February 27, 2014        Decided:  March 12, 2014

_____

Before MOTZ, AGEE, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Markus Maurice Harris appeals the 115-month sentence imposed following his guilty plea to possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Harris challenges only the district court's application of a four-level Guidelines enhancement for possession of a firearm in connection with another felony offense, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(6)(B) (2012). For the reasons that follow, we affirm.

In considering whether a district court properly imposed a Guidelines enhancement, we review factual findings for clear error and legal determinations de novo. United States v. Chandia, 675 F.3d 329, 337 (4th Cir. 2012). We will find a court's factual finding clearly erroneous only "if we are left with the definite and firm conviction that a mistake has been committed." United States v. Crawford, 734 F.3d 339, 342 (4th Cir. 2013) (quotation marks omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985).

An enhancement under USSG § 2K2.1(b)(6)(B) is appropriate when a firearm or ammunition possessed by a defendant "facilitated, or had the potential of facilitating,

2

another felony offense." USSG § 2K2.1 cmt. n.14(A). "Another felony offense" is defined as "any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1 cmt. n.14(C). The purpose of Section 2K2.1(b)(6) is "to punish more severely a defendant who commits a separate felony offense that is rendered more dangerous by the presence of a firearm." United States v. Jenkins, 566 F.3d 160, 164 (4th Cir. 2009) (quotation marks omitted).

The requirement that the firearm be possessed "in connection with" another felony "is satisfied if the firearm had some purpose or effect with respect to the other offense, including if the firearm was present for protection or to embolden the actor." United States v. McKenzie-Gude, 671 F.3d 452, 464 (4th Cir. 2011) (quotation marks omitted). However, "the requirement is not satisfied if the firearm was present due to mere accident or coincidence." Jenkins, 566 F.3d at 163 (quotation marks omitted). The Guidelines commentary specifically provides that a defendant possesses a firearm in connection with another felony "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia . . . because the presence of the firearm has the

3

potential of facilitating [that drug-trafficking] felony offense." USSG § 2K2.1 cmt. n.14(B). The Government bears the burden of establishing the propriety of a Guidelines enhancement by a preponderance of the evidence. United States v. Blauvelt, 638 F.3d 281, 293 (4th Cir. 2011).

The district court imposed the enhancement after finding that Harris possessed the firearm in connection with a drug trafficking offense. On appeal, Harris argues that the Government failed to meet its burden to establish the requisite connection between the drugs and the firearm. We have thoroughly reviewed the record and conclude that the trial court's finding was not clearly erroneous. The gun was found on the driver's side floorboard of the vehicle Harris had been in immediately prior to his arrest, and was thus easily accessible to Harris, who had been in the front passenger seat. Further, a large amount of cash was found on Harris' person, and Harris conceded ownership of the gun and what the court determined was a "distribution" amount of marijuana. The marijuana was held in the same bag as a digital scale. This evidence supported the court's finding that Harris was engaged in marijuana trafficking. See, e.g., United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005) (listing factors from which to infer intent to distribute, including "the quantity of the drugs," "the packaging," "where the drugs are hidden," and "the amount of

cash seized with the drugs"); United States v. Carrasco, 257 F.3d 1045, 1048 (9th Cir. 2001) (recognizing that "scales are well-known tools for the packaging and sale of drugs," and collecting cases).

The fact that the firearm was accessible to Harris while he possessed the marijuana in the vehicle, and the fact that the cash and the ammunition were both found on Harris' person at the time of his arrest, suggest a connection between the drugs and the firearm's purpose. See United States v. Blount, 337 F.3d 404, 411 (4th Cir. 2003) (noting relevance of gun's accessibility to finding it facilitated another offense). When viewed in light of Harris' concomitant possession of distribution paraphernalia, the evidence supported the finding that the presence of the firearm in proximity to the drugs was more than "mere accident or coincidence," see Jenkins, 566 F.3d at 163 (quotation marks omitted), but rather was used to embolden or protect Harris' drug trafficking. Because the record was adequate to support a finding that Harris possessed the firearm in connection with a felony drug offense, we conclude the district court did not err in imposing the enhancement.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED