**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4142**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JERMAINE WHITAKER,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:14-cr-00091-MOC-1)

_____

Submitted: November 24, 2015      Decided: December 23, 2015

_____

Before DUNCAN, KEENAN, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Ross Hall Richardson, Ann L. Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, Acting United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine Whitaker pled guilty, without a plea agreement, to possession with intent to distribute a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1) (2012), and two counts of possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Whitaker challenges the district court's application of a four-level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2014) for engaging in firearms trafficking. We affirm.

"In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, [we] review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Horton, 693 F.3d 463, 474 (4th Cir. 2012) (alteration and internal quotation marks omitted). "We will conclude that the ruling of the district court is clearly erroneous only when, after reviewing all the evidence, we are left with the definite and firm conviction that a mistake has been committed." United States v. Steffen, 741 F.3d 411, 415 (4th Cir. 2013) (internal quotation marks omitted).

To apply an enhancement under USSG § 2K2.1(b)(5), the district court must find by a preponderance of the evidence that the defendant engaged in firearms trafficking. USSG

2

§ 2K2.1(b)(5); see Steffen, 741 F.3d at 414 (explaining that the government has the burden of proving applicability of enhancement by preponderance of evidence). "The commentary to § 2K2.1 specifies that the firearm-trafficking enhancement applies as long as two requirements are satisfied." United States v. Pineda, 770 F.3d 313, 321 (4th Cir. 2014), cert. denied, 135 S. Ct. 1515 (2015). Whitaker does not challenge the court's finding that his conduct satisfied the first requirement — that he "transported, transferred, or otherwise disposed of two or more firearms to another individual." USSG § 2K2.1 cmt. n.13(A)(i). He does, however, contend that the court clearly erred in finding that he possessed the requisite knowledge to support the enhancement. Specifically, Whitaker argues that he neither "knew [n]or had reason to believe that [his] conduct would result in the transport, transfer, or disposal of a firearm to an individual . . . who intended to use or dispose of the firearm unlawfully." USSG § 2K2.1 cmt. n.13(A)(ii)(II).

We conclude that the district court did not clearly err by finding that Whitaker possessed the requisite knowledge to support the enhancement. The preponderance of the evidence establishes that Whitaker had reason to believe that the purchasers were drug dealers. See Pineda, 770 F.3d at 322 (upholding enhancement when defendant simultaneously sold cocaine and firearms "to the CI with the understanding that the

3

CI's intent was to distribute [the cocaine] to others"); United States v. Pepper, 747 F.3d 520, 525 (8th Cir. 2014) (upholding enhancement when defendant sold firearms to his drug dealer). Moreover, the transactions were conducted in a clandestine fashion, and one of the purchasers planned to sell the firearms out of state and had no apparent qualms about purchasing firearms from a convicted felon.

While there was no direct evidence that Whitaker knew that the purchasers planned to use or dispose of the firearms unlawfully, we conclude that the court did not clearly err by inferring from the totality of the circumstances that Whitaker had reason to believe that the purchasers' intentions with the firearms were not lawful. See United States v. Garcia, 635 F.3d 472, 478 (10th Cir. 2011) (providing that court may rely on common-sense inferences drawn from circumstantial evidence when determining applicability of a § 2K2.1(b)(5) enhancement). Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4