# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1680

_____

United States of America

*Plaintiff - Appellee*

v.

Michael John Walker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: May 18, 2018
Filed: August 17, 2018
[Published]

_____

Before SHEPHERD, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

This case returns to us after resentencing. In the previous appeal, we vacated and remanded for reconsideration of whether Michael Walker, who was convicted of being a felon in possession of a firearm, qualified as an armed career criminal. See United States v. Walker, 840 F.3d 477, 490–91 (8th Cir. 2016). On remand, the government conceded that Walker is not an armed career criminal, but sought a 4-

level enhancement under USSG § 2K2.1(b)(6)(B) for possessing a firearm "in connection with another felony offense." The district court imposed the enhancement, and Walker appeals. We review the district court's interpretation of the Guidelines de novo and its fact-finding for clear error. United States v. Barker, 556 F.3d 682, 689 (8th Cir. 2009).

Walker was arrested while driving a vehicle in Minneapolis. In the trunk of the vehicle was a shotgun and ammunition. On the floorboard of the passenger compartment was a small amount of crack cocaine. It is not clear whether the cocaine belonged to Walker, who was driving, or his passenger (who, during a subsequent search, was found to be hiding marijuana). The government concedes that it was only a user amount of cocaine; there is no suggestion that Walker was involved in drug distribution. Valuables found in the passenger compartment of the car were later linked to a burglary. The government introduced evidence that Walker had purchased ammunition for the shotgun, but no evidence of how Walker had used the firearm, if at all.

The Guidelines provide for a 4-level enhancement "[i]f the defendant . . . used or possessed any firearm or ammunition *in connection with* another felony offense . . . ." USSG § 2K2.1(b)(6)(B) (emphasis added). Application note 14(A) explains that the enhancement applies "if the firearm or ammunition *facilitated, or had the potential of facilitating*, another felony offense." Id. at comment (n.14(A)) (emphasis added). Note 14(B) further explains that, when the other felony offense is a drug trafficking offense, the enhancement applies whenever "a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." Id. at comment (n.14(B)); see also United States v. Blankenship, 552 F.3d 703, 705 (8th Cir. 2009) (noting that, if the "other felony" is a drug trafficking offense, "Note 14(B) mandates application of the adjustment if guns and drugs are in the same location").

But here, the other felony offense is mere possession of drugs, and the Guidelines "treat drug trafficking offenses and drug possession offenses differently" for the purposes of the enhancement. United States v. Fuentes Torres, 529 F.3d 825, 827 (8th Cir. 2008). "When the other felony offense is merely a drug possession offense, note 14(A) applies," not note 14(B). Id.; see also United States v. Sneed, 742 F.3d 341, 344 (8th Cir. 2014). Thus, in this case, the enhancement is appropriate only if the shotgun "facilitated, or had the potential of facilitating," Walker's drug possession. Fuentes Torres, 529 F.3d at 827. We have previously held that a "temporal and spacial nexus between the drugs and firearms," standing alone, is insufficient to establish that the firearms facilitated the felony offense of simple drug possession. Sneed, 742 F.3d at 344 (quoting United States v. Dalton, 557 F.3d 586, 589 (8th Cir. 2009)). "In other words, when the defendant subject to a 2K2.1(b)(6) adjustment possesses a 'user' amount of drugs . . . the district court must affirmatively make a finding that the weapon or weapons facilitated the drug offense before applying the adjustment." Blankenship, 552 F.3d at 705.

The resentencing record does not support the enhancement. The shotgun was locked in the trunk of Walker's vehicle, and there is no evidence he could access it, or had used it at all. The user quantity of cocaine was found in the passenger compartment, on the floorboard. The government offered no evidence to link the cocaine inside the car to the shotgun in the trunk. And there was no direct evidence presented that it was Walker, and not his passenger, who possessed the cocaine. On these facts, it was clear error to find that the firearm facilitated, or had the potential to facilitate, the possession of a user quantity of drugs.

This case is unlike those where the evidence showed a simultaneous possession of firearms and drugs, for instance, where "the firearm was found in a backpack and the drugs in [the defendant's] pocket," Sneed, 742 F.3d at 344, or where police found drugs in the passenger compartment of a vehicle and a firearm "between the driver's seat and center console, with the butt of the gun in a visible position." United States

-3-

v. Swanson, 610 F.3d 1005, 1006 (8th Cir. 2010); see also United States v. Holm, 745 F.3d 938, 940 (8th Cir. 2014) (finding the enhancement applied where defendant had a loaded revolver in his waistband and a baggie containing one-half grams of methamphetamine when pulled over in a traffic stop). Here, the evidence shows a temporal and spacial nexus between the drugs and firearm, but no more. That is not enough. Fuentes Torres, 529 F.3d at 827.

The government argues that "there is no evidence, and Walker does not suggest any, of a reason why he would have had that gun or purchased that ammunition, *other than* to protect the drugs or to protect himself during his activities of buying, carrying, and using crack cocaine." But this argument misplaces the burden of proof. The government bears the burden of proving facts to support a § 2K2.1(b)(6)(B) enhancement; the defendant need not introduce evidence to show the enhancement does not apply to him. See United States v. Razo-Guerra, 534 F.3d 970, 975 (8th Cir. 2008). The government's argument also misunderstands its burden of proof. A § 2K2.1(b)(6)(B) enhancement is improper when the government's only evidence is a generalized connection between a gun and a user quantity of drugs. Instead, this Guidelines provision requires evidence to show the firearm at issue facilitated, or had the potential to facilitate, the felony possession of drugs. In this regard, the government failed to meet its burden.

The government also contends that the stolen valuables found in the passenger compartment of Walker's car support a finding that Walker possessed the gun in connection with the crime of burglary. We disagree. The government proffered no evidence linking the stolen items to the shotgun or Walker to the burglary. We again find that the government failed to meet its burden of showing the firearm was connected with another felony offense.

The district court's application of the USSG § 2K2.1(b)(6)(B) enhancement is reversed and the case is remanded with instructions to resentence Walker without the enhancement.[1]

_____

---

[1]Walker also argues that his sentence should have been consistent with the one received by Samuel Johnson, whose original sentence was reversed by the Supreme Court. See Johnson v. United States, 135 S. Ct. 2551, 2563 (2015). Because we remand for resentencing, we do not reach this argument.