**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4578**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MICHAEL ANDREW GARY,

Defendant – Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 20-444)

Argued:  December 11, 2019                    Decided:  January 24, 2022

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and FLOYD, Senior Judge.

Affirmed by unpublished opinion.  Chief Judge Gregory wrote the opinion, in which Judge Thacker and Senior Judge Floyd joined.

**ARGUED**:  Kimberly Harvey Albro, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Alyssa Leigh Richardson, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.  **ON BRIEF**:  Sherri A. Lydon, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

GREGORY, Chief Judge:

Michael Andrew Gary appeals his sentence following a guilty plea to two counts of possession of a firearm and ammunition by a person previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). He contends that the district court erroneously calculated his sentencing guidelines range based on a four-level enhancement for possession of a firearm in connection with another felony offense pursuant to Section 2K2.1(b)(6)(B) of the U.S. Sentencing Guidelines, and that the improper calculation resulted in an unreasonable sentence. He asks this Court to vacate his sentence and remand the case to the district court for resentencing. Upon consideration of the parties' arguments, we affirm the district court, finding that it did not err in applying a four-level increase to Gary's offense level.

I.

On January 17, 2017, Gary was arrested following a traffic stop for driving on a suspended license. Gary's cousin, Denzel Dixon, was a passenger in the vehicle. During an inventory search of the vehicle, officers recovered a loaded firearm and a small plastic bag containing nine grams of marijuana. Gary admitted to possession of both the gun and marijuana and was charged under state law with possession of a firearm by a convicted felon.

Five months later, on June 16, 2017, officers encountered Gary and Dixon outside a motel room while patrolling the motel's parking lot. The officers detected the odor of marijuana, and as they approached, Gary and Dixon entered the back seat of a vehicle.

2

Dixon had a marijuana cigarette in his lap. The men consented to a personal search, and the officers found large amounts of cash on both men and a digital scale in Dixon's pocket. After receiving permission to search the vehicle, the officers found a stolen firearm, ammunition, "a large amount" of marijuana in the trunk, and baggies inside a backpack. The officers observed that the rear passenger armrest had been pulled down, allowing access to the trunk, and the gun was found beside the opening to the interior of the car. Both the gun and the marijuana were visible when the officers opened the trunk.

Dixon admitted ownership of the marijuana and baggies, as well as the digital scale, and later admitted that the sum of money found on his person was the proceeds of drug sales. He was charged under state law with possession with intent to distribute marijuana but was never charged federally for either the gun or the marijuana.

Gary claimed the gun recovered from the vehicle was his and admitted that he regularly carried a firearm for protection. He was charged under state law with possession of a stolen handgun. Gary was subsequently indicted and pled guilty without a plea agreement to two counts of possession of a firearm and ammunition after having been convicted of a felony, in violation 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1]

In his Presentence Report ("PSR"), the probation officer calculated Gary's Sentencing Guidelines range, including a four-level specific offense enhancement for possessing a gun in connection with another felony offense—possession with intent to distribute marijuana—based on the nine grams of marijuana Gary admitted to possessing

---

[1] Gary's state court gun charges were nolle prossed.

on January 17, 2017, and the "large amount" of marijuana Dixon possessed on June 16, 2017.

Gary objected to the enhancement on three grounds—that he had no knowledge of the marijuana recovered during his June 16, 2017, arrest, that Dixon, not Gary, was charged with possession with intent to distribute marijuana, and that Dixon admitted the drugs were his. But the probation officer declined to modify the PSR. He noted that the firearm was found beside a large quantity of marijuana inside the trunk, just on the other side of the backseat armrest access door. Because the firearm was "in close proximity" to the marijuana that Dixon possessed for purposes of distribution, the probation officer concluded Gary was responsible for the possession with intent to distribute offense.

At Gary's sentencing hearing, the government argued in support of the enhancement, noting that the gun was found within feet of the marijuana in the trunk, and that the rear passenger seat armrest was pulled down, giving both men access to the trunk while seated in the back seat. Based on these facts, along with the presence of Dixon's baggies in the car, the government theorized that Gary and Dixon were at the motel to sell marijuana.

The district court imposed the enhancement over Gary's objection, finding that the government met its burden of proof as to the June 16, 2017, arrest. The district court found that the incident involved "a large amount of marijuana in the trunk of the car and a stolen weapon that was at least in the trunk or near the trunk." J.A. 76–77. Although the court concluded the record was "not clear" as to exact location of the gun, "the officers opened the trunk lid and saw both the marijuana and the gun in plain view." J.A. 77. The district

4

court concluded that the government "met its burden of proof for showing that the gun was used in connection with another offense, specifically, possession with intent to distribute marijuana, based on the large quantity of marijuana present," the gun's "very close" proximity to the large quantity of marijuana, "the baggies that were contained admittedly in a bag owned and possessed by [Dixon]," and the "drug paraphernalia [] also found in the same car." *Id.* The court acknowledged that Dixon, not Gary, was charged in state court with drug distribution, but noted that the Sentencing Guidelines clearly state that it is not necessary for the defendant himself to be charged for the cross-reference to the other charge to apply. The court, after considering "the relevant statutory sentencing factors contained in Section 3553(a) of Title 18," and based on the facts and circumstances of the case, sentenced Gary to 84 months on each count, to run concurrently, which is at the low end of the Guidelines range. Gary appealed his sentence to this Court.[2]

---

[2] While his appeal was pending in this Court, Gary, pursuant to Federal Rule of Appellate Procedure 28, asserted that the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), where the Court held that the government must prove not only that a defendant charged pursuant to 18 U.S.C. § 922(g) knew he possessed a firearm, but also that he knew he belonged to a class of persons barred from possessing a firearm, was relevant to his appeal. Gary asserted that *Rehaif* impacted his case because he pled guilty to two counts of possession of a firearm after having been convicted of a felony in violation of § 922(g)(1) without being informed, as required by *Rehaif*, that an element of his offense was that he knew of his prohibited status at the time he possessed the firearm. Following supplemental briefing on the issue, this Court found that Gary's plea, entered without notice of an element of the offense, was not knowingly and intelligently made because he did not understand the essential elements of the offense to which he pled guilty, and that the acceptance of the plea was a structural error that per se affected his substantial rights. *See United States v. Gary*, 954 F.3d 194, 207–08, *reh'g en banc denied*, 963 F.3d 420 (2020). This Court vacated Gary's guilty plea and convictions and remanded the case to the district court for further proceedings. Because we found the invalidity of Gary's (Continued)

II.

A.

This Court reviews all sentences under an abuse-of-discretion standard, looking first to whether the district court committed a "significant procedural error" such as improperly calculating the Guidelines range. *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). "In assessing whether a district court has properly calculated the Guidelines range, including its application of any sentencing enhancements," this Court reviews legal conclusions *de novo*, and factual findings for clear error. *Id.* (citing *United States v. Horton*, 693 F.3d 463, 474 (4th Cir. 2012)). The burden is on the government to establish by a preponderance of the evidence that the court should apply a sentencing enhancement. *See United States v. Blauvelt*, 638 F.3d 281, 293 (4th Cir. 2011) (citing *United States v. Grubbs*, 585 F.3d 793, 799 (4th Cir. 2009)).

At sentencing, the district court calculated Gary's Guidelines range after determining that a four-level increase in his base offense level was warranted pursuant to Sentencing Guideline § 2K2.1(b)(6)(B). This increase applies to a defendant who has "used or possessed any firearm or ammunition in connection with another felony offense;

---

guilty plea dispositive of his appeal, we did not address the appropriateness of any sentence imposed based on the plea. On appeal, the Supreme Court reversed, finding that a *Rehaif* error is not a basis for plain-error relief absent a sufficient argument or representation on appeal that a defendant would have presented evidence in the district court that he did not in fact know he was a felon when he possessed a firearm. *See Greer v. United States*, 141 S. Ct. 2090, 2100 (2021). The Supreme Court found Gary was not entitled to plain-error relief for his unpreserved *Rehaif* claim because he did not make such an argument or representation on appeal. On remand, Gary's sentencing issue is now ripe for adjudication, and we now address the substance of Gary's objection to the calculation of his sentence.

or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S. Sent'g Guidelines Manual § 2K2.1(b)(6)(B) (U.S. Sent'g Comm'n 2021) ("U.S.S.G."). A firearm is used "in connection with another felony offense" if "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1(b)(6)(B) cmt. n.14(A). Whether the firearm facilitated or had the potential to facilitate the other felony offense is a factual determination subject to the clearly erroneous standard. *See United States v. Jenkins*, 566 F.3d 160, 163 (4th Cir. 2009) (citations omitted). The burden of proof with respect to this factual determination lies with the government. *United States v. Blount*, 337 F.3d 404, 411 (4th Cir. 2003).

"Subsection[] (b)(6)(B) . . . appl[ies] . . . in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia. In these cases, application of subsection[] (b)(6)(B) . . . is warranted because the presence of the firearm has the potential of facilitating another felony offense." U.S.S.G. § 2K2.1(b)(6)(B) cmt. n.14(B); *see also United States v. Bolden*, 964 F.3d 283, 287–88 (4th Cir. 2020) (under Application Note 14(B), "we may infer the requisite facilitation from close physical proximity between a firearm and drugs" when the "[o]ther felony offense" is drug trafficking because "a firearm 'found in close physical proximity to drugs' presumptively 'has the potential of facilitating' the trafficking offense."); *Jenkins*, 566 F.3d at 163 ("In the case of a drug trafficking offense, Application Note 14(B) provides that when 'a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia, the firearm necessarily 'has the potential of facilitating another

7

felony offense' and thus Section 2K2.1(b)(6) applies."). This requirement is also satisfied if the firearm has "'some purpose or effect with respect to the other offense,' including cases where a firearm is 'present for protection or to embolden the actor.'" *Bolden*, 964 F.3d at 287 (quoting *Jenkins*, 566 F.3d at 162). But a firearm "does not have the requisite purpose or effect when it is 'present due to mere accident or coincidence.'" *Id.* (quoting *Jenkins*, 566 F.3d at 163).

"'Another felony offense,' for purposes of subsection (b)(6)(B), means any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1(b)(6)(B) cmt. n.14(C).

"In determining whether subsection[] (b)(6)(B) . . . appl[ies], the court must consider the relationship between the instant offense and the other offense, consistent with relevant conduct principles" as listed in U.S.S.G. § 1B1.3(a)(1)–(4) and accompanying commentary. U.S.S.G. § 2K2.1(b)(6)(B) cmt. n.14(E). Pertinent to this case, the "relevant conduct principles" specify that the application of specific offense characteristics shall be determined on the basis of "all acts and omissions committed aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant;" and "any other information specified in the applicable guideline." U.S.S.G. § 1B1.3(a)(1)(A), (a)(4).

B.

Gary argues that the four-level increase in his base offense level should not have been applied in the calculation of his sentence because the government failed to show by a preponderance of the evidence that he possessed a firearm in connection with another

felony offense under U.S.S.G. § 2K2.1(B)(6)(B). The evidence, Gary asserts, was insufficient to prove that he had any connection to the drugs in the trunk. He maintains that the government did not prove that he possessed or constructively possessed the drugs or paraphernalia, which is a necessary element of the crime of possession with intent to distribute, or that he was otherwise engaged in a drug conspiracy with Dixon. Dixon admitted ownership of the marijuana and drug paraphernalia, and he contends that no other evidence connected Gary to either. Thus, the application of the enhancement resulted in the erroneous calculation of his Guidelines range and a procedurally unreasonable sentence.

In the government's view, the district court properly applied the four-level enhancement for possession of a firearm in connection with Dixon's state court offense of possession with intent to distribute. We agree. Based on an analysis and application of the relevant Sentencing Guidelines to the facts in this case, it was not clear error for the district court to conclude Gary possessed the firearm "in connection with" that offense.

1.

The four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) applies if the firearm is used "in connection with another felony offense"—where the firearm or ammunition "facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1 cmt. n.14(A). "The purpose of this enhancement is to ensure that a defendant receives more severe punishment if . . . he commits a separate felony offense that is rendered more dangerous by the presence of a firearm (or facilitates *another person's* commission of an offense involving a firearm)." *Blount*, 337 F.3d at 406 (emphasis added); *see also* U.S.S.G. § 2K2.1, cmt. n.14(C) (explaining that "another felony offense," for purposes of subsection

9

(b)(6)(B), is "any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, *regardless of whether a criminal charge was brought, or conviction obtained*") (emphasis added). Accordingly, section 2K2.1(b)(6)(B) does not require the government to prove that Gary committed the "other felony offense" of possession with intent to distribute; the government need only establish that Gary's possession of the firearm was "in connection with" Dixon's offense. Thus, while it is true that Dixon claimed ownership of the marijuana and drug paraphernalia and only he was charged with possession with intent to distribute, these facts are not dispositive of whether Gary's possession of the firearm facilitated, or had the potential to facilitate, Dixon's felony offense. When the facts are examined in the context of the applicable Guidelines based on a preponderance-of-the-evidence standard, the pendulum swings in favor of the government.

Admittedly, there is no direct evidence of Gary's facilitation of Dixon's drug trafficking offense. But the district court was permitted to rely on circumstantial evidence to reach that conclusion. "[I]n applying a four-level offense enhancement, under the Sentencing Guidelines, for use or possession of a firearm or ammunition in connection with another felony" under section 2K2.1(b)(6)(B), "[e]ither direct or circumstantial evidence will do, with the sentencing court free to draw common[-]sense inferences from the evidence." *United States v. Rogers*, 17 F.4th 229, 234 (1st Cir. 2021); *see also United States v. Whitaker*, 633 F. App'x 104, 105 (4th Cir. 2015) (per curiam) (citing *United States v. Garcia*, 635 F.3d 472, 478 (10th Cir.2011) (explaining that a court may rely on common-sense inferences drawn from circumstantial evidence when determining applicability of § 2K2.1(b)(5) enhancement); *United States v. Manigan*, 592 F.3d 621, 629 (4th Cir. 2010)

10

(government may rely on circumstantial evidence to meet its burden regarding the imposition of a sentencing enhancement under U.S.S.G. § 1D1.1(b)(1)); *United States v. Newhoff*, 627 F.3d 1163, 1170 (9th Cir. 2010) (upholding a § 2K2.1(b)(6)(B) enhancement based on reasonable inferences drawn from circumstantial evidence).

Here, the government presented sufficient evidence to support a reasonable inference that Gary's possession of the gun facilitated Dixon's drug distribution offense. Gary's firearm and a large amount of marijuana were found in close proximity to each other, and within the reach of both men. Both men had large amounts of cash on their persons, Dixon had a scale in his pocket, and baggies were found in the car. That Gary's gun was found "in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia," *see* U.S.S.G. § 2K2.1 cmt. n.14(B), is enough under these facts to warrant the enhancement. A reasonable inference can be drawn that Gary knew Dixon was selling the marijuana in the trunk, and that the presence of the firearm in proximity to the drugs was more than "mere accident or coincidence." *United States v. Harris*, 560 F. App'x 227, 229–30 (4th Cir. 2014) (citing *Jenkins*, 566 F.3d at 163). Thus, the evidence, though circumstantial, was sufficient for the court to find, by a preponderance of the evidence, that Gary's gun facilitated, or had the potential to facilitate, Dixon's drug distribution activities.

We are not persuaded by authority Gary cites in support of his argument that the enhancement cannot apply unless the defendant is the owner of the drugs. *See United States v. Walker*, 900 F.3d 995, 997 (8th Cir. 2018) (court held it was clear error to find firearm facilitated or had potential to facilitate possession of the drugs where no evidence linked drugs in car with shotgun in trunk); *United States v. Mitchell*, 963 F.3d 729, 733

11

(8th Cir. 2020) (concluding no enhancement should be applied when there is "no evidence" linking the drugs to the defendant); *United States. v. Grimaldo*, 993 F.3d 1077, 1082–83 (9th Cir. 2021) (finding no evidence connecting possession of firearm with likelihood of possession of illegal drugs). All of the courts' holdings are based on dissimilar facts, most notably that in each of the three cases, the "other offense" was simple drug possession, i.e., a "small amount" for "personal use," *see Mitchell*, 963 F.3d at 731, 733; or a "user-quantity" of drugs, *see Walker*, 900 F.3d at 997; where there was no evidence of drug trafficking, *see Grimaldo*, 993 F.3d at 1082 & n.1. In this case, Gary's "other offense" is possession with intent to distribute marijuana. This Court discussed the distinction in *Bolden*, stating that where the "other offense" is drug trafficking, "a firearm found in close proximity to drugs *presumptively* has the potential of facilitating the trafficking offense." 964 F.3d at 287–88 (emphasis added) (quoting U.S.S.G. § 2K2.1 cmt. n.14(B)). Accordingly, the cases Gary cites provide no basis for granting him relief.

2.

The government's evidence also supports a finding that Gary's gun "had some purpose" such as protection, or "effect," with respect to the other felony offense, such as emboldening Dixon to engage in his possession with intent to distribute offense, and thus facilitated, or had the potential to facilitate, the offense. *See Bolden*, 964 F.3d at 288. As this Court recognized in *Jenkins*, "[a] firearm can embolden the actor to possess the drugs or provide the actor protection for himself and his drugs, which are likely to be personally valuable even in small amounts." 566 F.3d at 163. "[W]hen a [defendant] carr[ies] his illegal drugs out into public with a firearm, there are many ways in which the weapon can

12

facilitate the drug offense and dangerously embolden the offender." *Id.* (quoting *United States v. Regans*, 125 F.3d 685, 687 (8th Cir. 1997)).

In Gary's case, both men were in a public location—a motel parking lot— with large amounts of cash on their persons and a "large amount" of marijuana in the trunk. A reasonable inference can be drawn that the presence of "protection," i.e., Gary's gun, emboldened Dixon to engage in drug trafficking with less risk to his person, his product, and his proceeds. Thus, on these grounds, and where the "standard is not especially burdensome," the enhancement to Gary's sentence "is warranted because the presence of the firearm has the potential of facilitating another felony offense." *Bolden*, 964 F.3d at 287.

3.

Finally, in determining whether a section 2K2.1(b)(6)(B) enhancement should apply, the district court was required to consider the relationship between the instant offense and the other offense, consistent with relevant conduct principles, as set forth in U.S.S.G § 1B1.3(a)(1)–(4) and its accompanying commentary. U.S.S.G. § 2K2.1, cmt. n.14(E). An analysis of this Sentencing Guideline further supports a finding that the application of the enhancement was proper.

The government argued before the district court that the facts of this case "give rise to [Gary] . . . being in a position to aid and abet in the distribution of marijuana," but that he need not be charged with that offense for the sentence enhancement to apply. J.A. 70. Further, it argued that "a general relevant conduct analysis" includes a discussion of "whether the firearm would have been used in the same course of conduct or the common scheme or plan." J.A. 70–71. The government reasoned that "the firearm within arm's reach

13

of a large quantity of marijuana certainly gives rise" to the conclusion that the gun possession was "all under the same course of conduct; and thus possession of the firearm would be . . . in furtherance of" the possession with intent to distribute offense. J.A. 71.

The government's position is consistent with U.S.S.G. § 1B1.3, "Relevant Conduct." It provides in part that a defendant is held responsible for

> (A)  all acts and omissions committed, *aided*, *abetted*, counseled, commanded, inducted, procured, or willfully caused by the defendant;
>
> and
>
> (B)  *in the case of a jointly undertaken activity* (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, *whether or not charged as a conspiracy*), *all acts and omissions of others* that were–
>
> > (i)  within the scope of the jointly undertaken criminal activity,
> >
> > (ii)  in furtherance of that criminal activity, and
> >
> > (iii)  reasonably foreseeable in connection with that criminal activity;
> >
> > that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

U.S.S.G. § 1B1.3(a)(1)(A)-(B) (emphasis added).

Accordingly, the fact that Gary was not charged with conspiracy or aiding and abetting is not outcome determinative. As noted in the commentary to section 1B1.3,

> [t]he principles and limits of sentencing accountability under this guideline are not always the same as the principles and limits of criminal liability. Under subsections (a)(1) and (a)(2), the focus is on the specific acts and omissions for which defendant is to be held accountable in determining the applicable guideline range, rather than on whether the defendant is criminally liable for an offense as principal, accomplice, or conspirator.

14

U.S.S.G. § 1B1.3, cmt. n.1; *see United States v. Jones*, 31 F.3d 1304, 1316 (4th Cir. 1994) (noting that pursuant to U.S.S.G. § 1B1.3(a)(1)(A) and its commentary, a "defendant need not be convicted of the charges constituting relevant conduct for him still to be held accountable for them"); *United States v. Rogers*, 409 F. App'x 607, 611 (4th Cir. 2010) (explaining that sentencing courts may consider uncharged and even acquitted conduct in determining a sentence, so long as the conduct is proven by a preponderance of the evidence). Further, note 5(B) to section 1B1.3 clarifies that

> [o]ffenses that do not qualify as part of a common scheme or plan may nonetheless qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses.

U.S.S.G. § 1B1.3, cmt. n.5(B)(ii).

III.

The district court did not err in applying a four-level enhancement, pursuant to section 2K2.1(b)(6)(B), to Gary's sentence. The evidence was sufficient for the district court to find, by a preponderance of the evidence, that Gary possessed the firearm in connection with Dixon's drug distribution offense. The presence of the firearm in close proximity to the drugs, together with paraphernalia consistent with drugs sales, facilitated and provided protection for Dixon's drug distribution, and emboldened Dixon to engage in his offense. The evidence also supports a finding that although Gary was not charged with either conspiracy or aiding and abetting, he and Dixon were engaged in a jointly undertaken activity and course of conduct sufficiently connected to support a conclusion that Gary

15

possessed his firearm in connection with Dixon's drug offense. Finding no error in the calculation of Gary's sentence, the judgment of the district court is

*AFFIRMED*.