# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3339

_____

United States of America

*Plaintiff - Appellee*

v.

Richard Sneed

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: September 27, 2013
Filed: February 5, 2014

_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

Richard Sneed pleaded guilty to being a felon and unlawful drug user in possession of a firearm. See 18 U.S.C. §§ 922(g)(1), 922(g)(3), 924(a)(2). The district court[1] determined an advisory guidelines range of 130 to 162 months and

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

sentenced Sneed to the statutory maximum of 120 months in prison. He appeals the sentence, arguing the district court committed procedural error by imposing a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) because he possessed the firearm "in connection with another felony offense." Finding no error, we affirm.

Sneed's Presentence Investigation Report ("PSR") described his offense conduct in considerable detail, fact recitations to which Sneed did not object. On June 1, 2011, a confidential informant reported to Springfield, Missouri police that Sneed was using heroin and methamphetamine, had a firearm, and was "on the run." The next night, two Springfield officers observed a car they knew Sneed drove swerve, cross the center line, and abruptly change lanes. The officers followed the car into a gas station parking lot, identified Sneed as the driver, and yelled, "Just stop, Richie." Sneed drove away. The officers followed, activated their emergency lights, and called for backup. Sneed swerved from lane to lane, drove through a red light, ran over a curb, and turned off his headlights as the chase proceeded through downtown Springfield. When Sneed's car spun out, he ran into heavy brush, dropping a backpack from which police recovered a .38 revolver, unloaded but functional; 12 syringes; and a small digital scale. When Sneed was eventually secured, police found 2.17 grams of methamphetamine in his front pocket. He admitted to taking "a little speed, and a little heroin" that evening.

The PSR recommended no Offense Characteristic adjustments to the base offense level of 24. The government objected, arguing methamphetamine recovered at the end of a flight in which Sneed threw down the gun warranted a four-level enhancement under § 2K2.1(b)(6)(B). The Probation Officer responded:

> [T]he four level increase should not apply because the firearm was not loaded, there was no ammunition, and it did not appear that the firearm had the potential to facilitate the offense of possession. In United States v. Fuentes Torres, 529 F.3d 825 (8th Cir. 2008), the Court held that, in a case in which the other felony is a drug possession offense, the term

"in connection with" in 2K2.1(b)(6) requires a finding that "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense."

Addendum to the PSR, quoting U.S.S.G. § 2K2.1, comment. (n.14(A)).

At the sentencing hearing, the government provided a copy of the Fuentes Torres decision and urged the district court to apply the four-level enhancement. The government agreed with the Probation Officer that the question was whether the firearm "did not facilitate or have the potential to facilitate the associated felony" because it "was unloaded and there was no ammunition found, at least in the vicinity of where it was recovered." However, government counsel argued, quoting Fuentes Torres and our earlier decision in United States v. Regans:[2] "When a drug user chooses to carry his illegal drugs out into public with a firearm, there are many ways in which the weapon can facilitate the drug offense and dangerously embolden the offender." The court noted it was familiar with the Fuentes Torres and Regans decisions and invited both the Probation Officer and counsel for Sneed to respond. After further discussion of the significance of the firearm being unloaded and without ammunition, the court ruled:

> THE COURT: Okay. I go back to paragraph 10 [of the PSR], the . . . last two sentences. The backup officer relayed that the defendant ran eastbound into some heavy brush after dropping a black backpack. A search of the backpack revealed a Smith & Wesson .38 special revolver, a small zip-up container that contained 12 syringes and a small digital scale. The weapon was not loaded.
>
> They also found . . . 2.17 grams o[f] methamphetamine [in his front pocket].

---

[2] 125 F.3d 685, 687 (8th Cir. 1997), cert. denied, 523 U.S. 1065 (1998).

Then I . . . compare it to the language [in] <u>Torres</u> [and] <u>Regans</u> . . . which says, when a drug user chooses to carry his illegal drugs out into public with a firearm -- we had illegal drugs, we had a firearm -- there are many ways in which the weapon can facilitate the drug offense and dangerously embolden the offender.

And based on what I heard today, it is not clearly improbable that the weapon was connected with this offense. In fact, it was probable, because it's found with syringes, it's found with a scale. And the guy who threw it had meth in his pocket. So I'm putting those together. I think it's a reasonable inference to be made based on the facts.

The court imposed the four-level enhancement, resulting in an advisory guidelines range above the statutory maximum sentence for a violation of 18 U.S.C. § 922(g), and imposed the maximum 120-month sentence.

On appeal, Sneed raises two distinct issues: (1) Whether the district court committed legal error when it failed to make a specific finding that the firearm "facilitated, or had the potential of facilitating," a methamphetamine possession offense.[3] (2) Whether the court clearly erred in finding that Sneed possessed the firearm "in connection with" that drug offense. <u>See</u> <u>United States v. Smith</u>, 535 F.3d 883, 885 (8th Cir. 2008) (whether defendant possessed a firearm in connection with another felony is a fact finding we review for clear error).

(1) As we explained in <u>Fuentes Torres</u>, when the Sentencing Commission added application note 14 in 2006 to clarify the previously undefined term, "in

---

[3]Sneed concedes methamphetamine possession is a felony under Missouri law. The government argues on appeal, as it did in the district court, that the facts recited in the PSR would support a finding that Sneed possessed the firearm in connection with a drug trafficking offense, in which case the four-level enhancement would unquestionably apply. <u>See</u> § 2K2.1, comment. (n. 14(B)(ii)). Though the argument is plausible, the district court made no such finding, so we put it aside.

connection with another felony offense," in § 2K2.1(b)(6)(B), the Commission distinguished between drug possession and drug distribution or trafficking offenses:

> When the other felony offense is merely a drug possession offense, note 14(A) applies and the district court may make the requisite "in connection with" finding, but is not required to do so. As we held in Regans, however, if that finding is made, it will rarely be clearly erroneous.

529 F.3d at 827. "In such cases," we further observed, "the district court must make the 'in connection with' finding, applying the 'facilitate' standard of note 14(A)." Id. at 828 n.2.

Unfortunately, that latter observation has been interpreted in some later decisions as meaning that "the district court must affirmatively make a finding that the weapon or weapons facilitated the drug offense before applying the adjustment." United States v. Blankenship, 552 F.3d 703, 705 (8th Cir. 2009). The finding required is dictated by the guideline provision, § 2K2.1(b)(6)(B) -- that the firearm was "used or possessed . . . in connection with another felony offense." Application note 14 prescribes and clarifies how the analysis is to be made but does not mandate a specific finding. Thus, we have never reversed a § 2K2.1(b)(6)(B) enhancement merely because a specific "facilitate" finding was not made. In cases where we reversed and noted no such finding was made, the record on appeal "indicat[ed] that the district court applied the section 2K2.1(b)(6) enhancement based on a temporal and spatial nexus between the drugs and firearms," without applying the "facilitate" standard of note 14(A). United States v. Dalton, 557 F.3d 586, 589 (8th Cir. 2009); see Blankenship, 552 F.3d at 705. Here, by contrast, the record makes clear the district court understood and properly applied the "facilitate" standard of note 14(A) in finding that Sneed possessed the firearm "in connection with" his felony drug offense. Although we again strongly encourage district courts to make clear they are

applying the proper § 2K2.1(b)(6)(B) standard with an explicit "facilitate" finding, there was no error of law.

(2) Sneed argues the evidence was insufficient to find that he used or possessed the firearm in connection with a methamphetamine possession offense because the firearm was found in a backpack and the drugs in his pocket, the firearm was unloaded, and no ammunition was found. As we stated in <u>Fuentes Torres</u>, when a drug user chooses to carry illegal drugs out into public with a firearm, an "in connection with" finding "will rarely be clearly erroneous." 529 F.3d at 827. The "facilitate" standard may be met "when a defendant concurrently possesses drugs and a firearm while in public, like in a car." <u>United States v. Swanson</u>, 610 F.3d 1005, 1008 (8th Cir. 2010). The Guidelines do not require a loaded firearm -- § 2K2.1(b)(6)(B) applies for possession of a firearm *or* ammunition, so either may be sufficient. Moreover, an unloaded firearm retains the potential to facilitate a drug crime because those who come in contact with the defendant may be unaware it cannot be fired at them. <u>Cf.</u> <u>United States v. Luster</u>, 896 F.2d 1122, 1128-29 (8th Cir. 1990). On these undisputed facts, we agree with the district court it was "probable" the firearm was connected with Sneed's drug offense. There was no clear error.

The judgment of the district court is affirmed.

_____