# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1977

_____

United States of America

*Plaintiff - Appellee*

v.

Donovan Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 9, 2017
Filed: February 6, 2017

_____

Before RILEY, Chief Judge, LOKEN and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Donovan K. Johnson pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He appeals the district court's[1] application of a four-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(6)(B)

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

for possessing the firearm in connection with another felony.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Surveying a house for drug activity, officers saw Johnson exit with a firearm protruding from his waistband.  He entered a vehicle; officers followed, eventually stopping it for a traffic violation.  Approaching, they saw Johnson repeatedly reaching under his seat.  During a search, they found 72 heroin capsules on Johnson and a firearm in the vehicle.

The district court assessed a four-level enhancement for possessing a firearm in connection with another felony.  *See* **U.S.S.G. § 2K2.1(b)(6)(B)**.  It sentenced Johnson to 72 months' imprisonment.  He argues the court erroneously found:  (1) the heroin was a distribution, not a "user," amount; and (2) he used the gun "in connection with" another felony. This court reviews factual findings for clear error, and application of the sentencing guidelines de novo. ***United States v. Blankenship***, 552 F.3d 703, 704 (8th Cir. 2009).

United States Sentencing Guideline § 2K2.1(b)(6)(B) increases a defendant's base offense level if the defendant "[u]sed or possessed any firearm or ammunition in connection with another felony offense."  **U.S.S.G. § 2K2.1(b)(6)(B).**  Applying the enhancement, there is "a distinction between the factual circumstances of when the other felony was a drug trafficking offense, or alternatively, a simple drug possession offense." ***Blankenship***, 552 F.3d at 705.  "If the felony is for drug trafficking, Application Note 14(B) mandates application of the adjustment if guns and drugs are in the same location." ***Id.***, *citing* **U.S.S.G. § 2K2.1(b)(6) cmt. n. 14(B)**.

"If the underlying drug offense is for simple possession, the district court may still apply the adjustment, but only after making a finding that the firearm facilitated the drug offense." ***Id.***, *citing* ***United States v. Fuentes Torres***, 529 F.3d 825, 827-28 n. 2 (8th Cir. 2008).  *See* ***United States v. Holm***, 745 F.3d 938, 940 (8th Cir. 2014)

("For purposes of the § 2K2.1(b)(6)(B) enhancement, a firearm is possessed 'in connection with' a drug possession felony if it 'facilitated, or had the potential of facilitating' that other felony."), *quoting* **U.S.S.G. § 2K2.1, cmt. n. 14(A)**. This court reverses if "the record on appeal indicat[ed] that the district court applied the section 2K2.1(b)(6) enhancement based on a temporal and spatial nexus between the drugs and firearms, without applying the 'facilitate' standard of note 14(A)." *United States v. Sneed*, 742 F.3d 341, 344 (8th Cir. 2014) (internal quotations omitted), *quoting United States v. Dalton*, 557 F.3d 586, 589 (8th Cir. 2009). "[W]hen a drug user chooses to carry illegal drugs out into public with a firearm, an 'in connection with' finding 'will rarely be clearly erroneous.'" *Holm*, 745 F.3d at 940, *quoting Sneed*, 742 F.3d at 344.

> Considering all the evidence, the district court found:

> Now the gun can't be just in—it's not just proximity. However, I believe that in this case the evidence shows given where the gun was, being seen on his person, later being under the seat of the car in close proximity to him as he is in the car, that this gun had the potential to facilitate the distribution of the drugs. . . . I believe that having the drugs and the gun together and *this quantity of drugs in a car going somewhere* is a sufficient basis for me to find that this gun either facilitated or had—but certainly it had the potential to facilitate the possession with intent to distribute.

(emphasis added). The court did not apply the enhancement based solely "on a temporal and spatial nexus between the drugs and firearms." *Sneed*, 742 F.3d at 344. *See United States v. Jarvis*, 814 F.3d 936, 936-38 (8th Cir. 2016) (holding that the district court did not err in finding a firearm was used "in connection with" heroin possession where the defendant left the house with a bag of 0.21 grams of heroin and a firearm in his pocket); *United States v. Swanson*, 610 F.3d 1005, 1008 (8th Cir. 2010) ("The inference that a firearm is for protection of drugs is allowable when the amount of drugs is more than residue.").

The district court did not clearly err in finding that the gun facilitated possession with intent to distribute, and, therefore, Johnson possessed the firearm "in connection with" the heroin possession. This finding was sufficient to apply the 4-level enhancement.[2]

\* \* \* \* \* \* \*

The judgment is affirmed.

_____

[2]Because the district court properly found the firearm facilitated the drug possession, this court need not consider Johnson's argument that the court erred in determining he possessed more than a user amount of heroin.

-4-