# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-2568

_____

United States of America

*Plaintiff - Appellee*

v.

Jermaine L. Murray

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 24, 2018
Filed: November 29, 2018
[Published]

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Jermaine L. Murray appeals after the district court[1] sentenced him to 51 months' imprisonment and 3 years' supervised release following his conviction for

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We affirm.

Early in the morning of June 1, 2013, Murray purchased cigarettes at a store in Kansas City, Missouri. He exited the store and joined Ashley Robinson, who was arguing with the occupants of a van. The van's driver opened fire at Robinson and Murray, and Murray pulled a handgun from his pocket and returned fire. During the shootout, a bullet hit Murray, who fell to the ground. Robinson picked up Murray's weapon and returned fire at the fleeing van. Meanwhile, the store clerk came to administer aid to Murray. She told police that she heard Murray tell Robinson to put his gun, drugs, and money in her vehicle. Officers later searched Robinson's car and found the handgun, $95 in U.S. currency, and a bottle containing 15.14 grams of PCP.

Murray pleaded guilty without a plea agreement. At Murray's sentencing hearing, Kansas City police officer Slade Whetro described smelling the odor of PCP when he approached the wounded Murray upon arriving at the scene. He also recounted how the store clerk heard Murray tell Robinson to place his gun, drugs, and money in her car. He further explained that a bottle containing 15.14 grams of PCP is not consistent with personal use but instead constitutes a distributable amount.

Murray's presentence investigation report recommended a five-level enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 2A2.2(b)(2)(A) for discharging a firearm while committing the crime of assault. Murray's counsel objected to this enhancement, claiming Murray was acting in self-defense, and the sentencing court declined to apply it. Instead, the court applied a four-level enhancement under § 2K2.1(b)(6)(B) for using and possessing the firearm in connection with possession of a distributable amount of PCP. Section 2K2.1(b)(6)(B) mandates a four-level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." The application notes explain that this provision is warranted "in the case of a drug

trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." U.S.S.G. § 2K2.1(b)(6) cmt. n. 14(B). After the enhancement and a three-level reduction for acceptance of responsibility, Murray's total offense level was 15 and his criminal history category was VI. His 51-month sentence fell at the high end of his advisory guidelines range of 41 to 51 months.

On appeal, Murray challenges the district court's imposition of the four-level enhancement under § 2K2.1(b)(6)(B) and argues that the district court committed procedural error because the evidence did not establish that he possessed the firearm in connection with another felony offense. In particular, he maintains that the Government failed to prove by a preponderance of the evidence that he possessed the drugs in the first place, or at least that he possessed them while in possession of the firearm. Murray suggests there are inconsistencies in the hearsay accounts of the store clerk and Robinson which were recounted by Officer Whetro during his testimony at sentencing.

We review a sentencing court's factual findings for clear error and its application of the sentencing guidelines *de novo*. *United States v. Johnson*, 846 F.3d 1249, 1250 (8th Cir. 2017). The district court did not clearly err in finding that Murray possessed the handgun in connection with the drug trafficking felony of possession of a distributable amount of PCP. Based on the store clerk's statement, Officer Whetro testified that Robinson took over fifteen grams of PCP from Murray's pocket to her car. Laboratory testing confirmed that the substance was PCP, and Whetro explained that this quantity is not consistent with personal use. Whetro's own observation that Murray smelled like PCP supported the conclusion that the PCP was Murray's. When, as here, the felony involves drug trafficking rather than simple possession, we have held that the guidelines mandate the enhancement "if guns and drugs are in the same location." *Johnson*, 846 F.3d at 1250 (citing U.S.S.G. § 2K2.1(b)(6) cmt. n. 14(B)). Because the evidence showed that Murray possessed the

PCP until Robinson removed it after the shooting, the district court did not procedurally err in imposing the enhancement.

Finally, Murray also challenges the substantive reasonableness of his sentence. We review the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We may consider a sentence within the guidelines range, like Murray's, to be presumptively reasonable. *See id*. Here, the district court carefully considered the § 3553(a) factors and sentenced Murray at the high end of his guidelines range. We see no basis for finding the sentence unreasonable and thus conclude that the district court did not abuse its discretion.

For the foregoing reasons, we affirm.

_____