# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2780
_____

United States of America

*Plaintiff - Appellee*

v.

Nathaniel K. Mitchell

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph
_____

Submitted: April 16, 2020
Filed: June 24, 2020
_____

Before SMITH, Chief Judge, BENTON and KOBES, Circuit Judges.
_____

BENTON, Circuit Judge.

Nathaniel K. Mitchell pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). The district court[1] sentenced him

_____

[1]The Honorable David G. Kays, United States District Judge for the Western District of Missouri.

to 102 months in prison, applying a four-level offense enhancement for possessing a firearm "in connection with" a felony drug offense. *See* **U.S.S.G. § 2K.2.1(b)(6)(B).** On appeal, Mitchell challenges the enhancement. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

In 2017, an informant reported that Kenneth J. Cook had a firearm and was using methamphetamine. The informant provided threatening text messages Cook sent his estranged wife, including a picture of a firearm. About a week later, police stopped Cook for driving with expired plates. Mitchell was in the passenger seat. Asked if there were any drugs or weapons in the vehicle, Cook said none to his knowledge, and consented to a search the vehicle.

During the search, Mitchell said he was only getting a ride, adding he had a methamphetamine pipe with him. An officer found marijuana residue and seeds in the car, which Mitchell said were his. He claimed not to have a firearm on him, but confirmed he was a convicted felon. Asked if Cook had guns at his house, Mitchell said he had stayed there only overnight, had a few bags there, but did not see any guns. The officers specifically asked Mitchell about a German Luger pistol, the firearm that Cook reportedly had. Mitchell admitted it was his, but would not say where it was, just "in a different location."

The officers took both Mitchell and Cook to Cook's house. Cook consented to a search of it. Officers found a backpack on the couch containing a loaded Ruger pistol, which Cook said belonged to Mitchell. On the other end of the couch was another backpack containing a marijuana smoking pipe, a meth smoking pipe, a digital scale, and several rounds of ammunition. Cook said this backpack also belonged to Mitchell.

After the search, police arrested Mitchell for being a felon in possession of a firearm and for possession of drugs. Asked again if he had weapons on him, Mitchell said he had a gun in his pants pocket, a derringer. Mitchell also had a backpack with him. The backpack had two baggies with meth residue; one baggie with a small amount of meth; a fourth baggie with two burnt ends of marijuana cigarettes; and a straw with meth residue.

The presentence investigation report recommended a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) because Mitchell possessed a gun "in connection with" another felony offense. At sentencing, Mitchell objected to the enhancement asserting that the meth recovered was a small amount for personal use, and possession of the firearm did not further that offense. The district court overruled the objection. The court sentenced Mitchell to 102 months (guidelines range 100-120). The court said that its decision was driven more by consideration of the 18 U.S.C. § 3553 factors and less by the sentencing guidelines, and that even if Mitchell "won all your objections," the court would come to the "same place." Mitchell appeals, arguing (1) the district court failed to make a finding that the weapon facilitated the offense; and (2) the sentencing record does not support the enhancement.

II.

This court reviews for clear error a district court's finding that a defendant possessed a firearm in connection with another felony offense. *United States v. Mosley*, 672 F.3d 586, 589 (8th Cir. 2012). By the sentencing guidelines, the offense level increases by four levels if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." **U.S.S.G. § 2K2.1(b)(6)(B)**. If the other offense is drug possession, the enhancement applies "if the firearm or ammunition *facilitated, or had the potential of facilitating*, another felony offense." *United States v. Walker*, 900 F.3d 995, 997 (8th Cir. 2018), *quoting* **U.S.S.G. § 2K2.1(b)(6)(B) cmt. n. 14(A)**. "The government bears the burden of proving facts

to support a § 2K2.1(b)(6)(B) enhancement; the defendant need not introduce evidence to show the enhancement does not apply to him." *Id.* at 998.

Mitchell argues that because the district court did not make an affirmative finding that the weapon facilitated the drug offense, it erred in applying the enhancement. *See **United States v. Blankenship***, 552 F.3d 703, 705 (8th Cir. 2009) ("when the defendant subject to a 2K2.1(b)(6) adjustment possesses a 'user' amount of drugs and is not a trafficker, instead of automatically applying the adjustment when both drugs and weapons are involved in the offense, the district court must affirmatively make a finding that the weapon or weapons facilitated the drug offense before applying the adjustment"), *citing **United States v. Fuentes Torres***, 529 F.3d 825, 827-28 n.2 (8th Cir. 2008).

The district court here did not affirmatively make a finding that the gun facilitated the drug offense. This court, however, does not reverse "merely because a specific 'facilitate' finding was not made," because Application note 14(A) "does not mandate a specific finding." ***United States v. Sneed***, 742 F.3d 341, 344 (8th Cir. 2014). This court "strongly encourage[s] district courts to make clear they are applying the proper § 2K2.1(b)(6)(B) standard with an explicit 'facilitate' finding." ***Id.*** If "the record makes clear the district court understood and properly applied the 'facilitate' standard of note 14(A)" in finding possession of a firearm in connection with a felony drug offense, there is no error of law. ***Id.*** The issue is whether, based on the record, the district court understood and properly applied the standard.

The record here is clear. Mitchell was carrying a loaded gun in his pocket, and had with him a backpack containing illegal drugs. After hearing arguments about the enhancement at sentencing, the district court emphasized the relationship between the gun, the drugs, and Mitchell's violent criminal history: "Certainly, a person in the community with meth in his backpack and a gun hidden in his–upon his person who has the convictions you have are very concerning to the Court."

Mitchell insists that the district court erroneously linked the gun and the drugs. The presentence investigation report, "Offense Conduct," says (emphasis added):

> 11. . . . . When again asked if he had any weapons on him, on this occasion, Mitchell stated he had a gun in his pants pocket. Law enforcement then searched Mitchell's person and recovered a Davis Industries, Model DM22, .22 caliber derringer, Serial No. 396390, loaded with 2 live rounds of ammunition. . . . Mitchell was then transported to police headquarters. Mitchell also had a *backpack with him*, and upon searching the backpack, officers recovered several personal belongings and a clear blue plastic container. Inside the clear blue plastic container, were four small baggies. Two of the baggies contained residue that field tested positive for the presence of methamphetamine; one baggie contained a small amount of crystal-like substance that field tested positive for the presence of methamphetamine, and the fourth baggie contained two burnt ends of marijuana cigarettes. Also located in the backpack was a straw, approximately 2.5 inches long, with residue that field tested positive for the presence of methamphetamine.

Mitchell asserts on appeal that "backpack with him" is "unclear and "apparently" means one of the two backpacks at Cook's house. At sentencing, Mitchell did not object to paragraph 11 (even after the district court interrupted argument saying, "Paragraph 11."). Mitchell's objection to paragraph 24, "Specific Offense Characteristics"–which mentioned only his "bag at Cook's residence" and meth "inside a private residence"–did not mention, let alone dispute, the "backpack with him" statement. *See United States v. Pepper*, 747 F.3d 520, 524 n.4 (8th Cir. 2014) ("If an objection contests the PSR's recommended application of an enhancement rather than the facts underlying that recommendation, the district court may rely on the facts contained in the PSR."). The district court did not err, plainly or clearly, in

accepting the facts in the undisputed part of the PSR.  *See id.* at 522-23; **Fed. R. Crim. P.** 32(i)(3)(A).

This case is controlled by *Sneed*.  Sneed was a drug user carrying meth in his front pocket, and a backpack with an unloaded gun, syringes, and a digital scale. ***Sneed***, 742 F.3d at 342.  Sneed argued that the evidence did not support the enhancement, asserting the unloaded firearm did not facilitate the offense of possession. *Id.* at 344.  This court held: "The 'facilitate' standard may be met 'when a defendant concurrently possesses drugs and a firearm while in public, like in a car.'" *Id.* at 344-45.  *See **United States v. Quinn***, 812 F.3d 694, 700 (8th Cir. 2016) ("a defendant's possession of a firearm with a personal-use amount of illegal drugs can meet [the facilitate] standard"); ***United States v. Holm***, 745 F.3d 938, 940 (8th Cir. 2014) (approving the enhancement where defendant had a loaded firearm in his waistband and a baggie with one-half gram of meth when pulled over in a traffic stop); ***United States v. Regans***, 125 F.3d 685, 687 (8th Cir. 1997) ("when a drug user chooses to carry his illegal drugs out into public with a firearm, there are many ways in which the weapon can facilitate the drug offense and dangerously embolden the offender").

Mitchell emphasizes that the *Walker* opinion cites *Sneed* for the proposition that a "temporal and spacial nexus between the drugs and firearms, standing alone," does not meet the "facilitate" standard.  ***Walker***, 900 F.3d at 997, *citing **Sneed***, 742 F.3d at 344.  Nor, according to *Walker* does "a generalized connection between a gun and a user quantity of drugs." *Id.* at 998.  However, in *Walker*, the enhancement was not supported by evidence–a shotgun locked in a car's trunk with "no evidence" defendant could access or had used it *and* a user quantity of cocaine on a passenger floorboard with "no evidence" linking it to defendant (instead of the passenger). *Id.* at 997.  The record here has sufficient evidence that Mitchell's gun facilitated or potentially facilitated the possession of his drugs. *See id.*, *citing **Sneed***, 742 F.3d at 344, *and approving* a case like Mitchell's "where the evidence showed a

simultaneous possession of firearms and drugs, for instance, where 'the firearm was found in a backpack and the drugs in [the defendant's] pocket'. . . ."

The district court did not clearly err in applying the enhancement. *See United States v. Jarvis*, 814 F.3d 936, 938 (8th Cir. 2016) (concluding, in a case involving 0.21 grams of heroin, "when a drug user chooses to carry illegal drugs out into public with a firearm, an 'in connection with' finding will rarely be clearly erroneous").

\* \* \* \* \* \* \*

The judgment is affirmed.

_____