# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1301
_____

United States of America,

*Plaintiff - Appellee,*

v.

Eric L. Jones,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 16, 2020
Filed: March 16, 2021

_____

Before COLLOTON, ARNOLD, and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Eric Jones pleaded guilty to unlawful possession of a firearm as a previously convicted felon. *See* 18 U.S.C. § 922(g)(1). The district court[1] sentenced him to 84

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

months' imprisonment. Jones appeals his sentence, but we conclude that there is no reversible error, and we therefore affirm the judgment.

The prosecution arose from a traffic stop of a vehicle that Jones was driving in Kansas City. Police found a handgun on the passenger seat and a vial containing liquid PCP in the driver's side door. The officers also smelled PCP on Jones's breath and discovered vials with residue of PCP in the center console and the trunk. In Jones's pants pocket, officers located one plastic baggie with 2.28 grams of cocaine and another baggie with a small amount of marijuana. Jones admitted that he possessed the gun for protection.

After Jones pleaded guilty, the court found at sentencing that he possessed the firearm in connection with another felony offense, and applied a four-level increase under the sentencing guidelines. *See* USSG § 2K2.1(b)(6)(B). Adopting the recommendation of the probation office, the court found that "Jones possessed the firearm in connection with the felony offense of possession of a controlled substance (possession of 2.28 grams of powder cocaine, and bottles containing PCP liquid and residue)." PSR ¶ 16. The court calculated an advisory range of 77 to 96 months, and sentenced Jones to 84 months' imprisonment.

On appeal, Jones argues that the district court erred in applying the four-level increase. The increase applies where a defendant "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). Jones concedes that possessing the amount of drugs found in his car constituted a felony offense, so the question for the court was whether the firearm facilitated, or had the potential of facilitating, the felony drug offense. *Id*., comment. (n.14(A)).

Jones argues that the district court erred by failing to make an explicit finding that his possession of the gun "facilitated" his possession of the drugs. Jones did not object in the district court to the absence of a specific finding, and we conclude that

-2-

there was no plain error warranting relief. *See United States v. Olano*, 507 U.S. 725, 734-35 (1993); *United States v. Justice*, 679 F.3d 1251, 1256 (10th Cir. 2012). We "strongly encourage district courts to make clear they are applying the proper § 2K2.1(b)(6)(B) standard with an explicit 'facilitate' finding," but the guideline does not require that level of precision. *United States v. Sneed*, 742 F.3d 341, 344 (8th Cir. 2014); *accord United States v. Esquibel*, 964 F.3d 789, 792 (8th Cir. 2020) (per curiam); *United States v. Mitchell*, 963 F.3d 729, 732 (8th Cir. 2020).

"[W]e have never reversed a § 2K2.1(b)(6)(B) enhancement merely because a specific 'facilitate' finding was not made." *Sneed*, 742 F.3d at 344. Although this court once said that a district court "must affirmatively make a finding that the weapon or weapons facilitated the drug offense," *United States v. Blankenship*, 552 F.3d 703, 705 (8th Cir. 2009), we clarified in *Sneed* that the absence of magic words was not the basis for reversal in *Blankenship*. A district court may not "automatically" apply the increase for "simply possessing drugs and guns in the same proximity." *Blankenship*, 552 F.3d at 705; *see United States v. Walker*, 900 F.3d 995, 997 (8th Cir. 2018) (per curiam). But there is no error if "the record makes clear the district court understood and properly applied the 'facilitate' standard." *Sneed*, 742 F.3d at 344.

Jones argued at sentencing that his other felony offense was "not necessarily drug trafficking within the spirit of the guidelines," R. Doc. 38, at 9, but the district court correctly recognized that the increase may apply if the defendant committed a felony offense of drug possession rather than trafficking. In his written objections to the presentence report, Jones maintained that the firearm did not facilitate his drug use. In applying the increase, however, the court cited Jones's admission that he possessed the firearm for protection, and found that "when you're out buying PCP, when you're out buying cocaine, marijuana, you're putting yourself in an extremely dangerous position." *Id*. at 18.

Jones has not established that the court misunderstood or misapplied the guideline. The court's reference to the use of a firearm for "protection" during "extremely dangerous" drug activity, and its finding that drugs and guns go "hand in hand" in that context, is the essence of a facilitation finding. *See United States v. Jarvis*, 814 F.3d 936, 937-38 (8th Cir. 2016); *United States v. Swanson*, 610 F.3d 1005, 1008 (8th Cir. 2010). The record does not show that the court erroneously applied the increase based solely on a temporal and spatial nexus between the firearm and drugs.

Jones next contends that the district court committed procedural error by failing adequately to explain the chosen sentence. But Jones did not object on this ground in the district court, and he faces a "daunting task in convincing a court of appeals that a more detailed explanation would have resulted in a lighter sentence." *United States v. Chavarria-Ortiz*, 828 F.3d 668, 671 (8th Cir. 2016).

Jones argues that the district court should have provided a more fulsome explanation for declining to vary downward from the advisory range. On appeal, he relies on several secondary sources concerning trauma, substance abuse, and mental illness that were not cited in his sentencing memorandum for the district court. *See* R. Doc. 29. The district court can hardly be faulted for failing to address literature that was not presented in that forum. The court did consider the memorandum that Jones submitted, R. Doc. 38, at 13, and found it unconvincing. If Jones believed that more specific rejoinders were warranted, then he should have raised the points at the hearing. On this record, we discern no obvious error, and no reasonable likelihood that a more detailed explanation would have resulted in a shorter term of imprisonment. *See United States v. Parker*, 871 F.3d 590, 608 (8th Cir. 2017).

The last issue on appeal is whether the sentence is reasonable. As the term of imprisonment was within the advisory guideline range, we presume that it is reasonable. *United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir. 2005). Jones asserts that the presumption should not apply, because the district court said that it would have imposed the same sentence, based on the sentencing factors under 18 U.S.C. § 3553(a), even if the guidelines did not recommend it. According to Jones, the court's reference to an alternative non-guideline sentence means that the actual sentence must not have been "based on the guideline range" recommended by the Sentencing Commission. He views it as "mere happenstance" that the term of imprisonment fell within the advisory range.

This argument misunderstands the presumption of reasonableness on appeal. Our presumption that a sentence within the guideline range is reasonable "simply recognizes the real-world circumstance that when the judge's discretionary decision accords with the Commission's view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable." *Rita v. United States*, 551 U.S. 338, 350-51 (2007). That circumstance applies here: the judge elected to impose a term of 84 months' imprisonment, and the chosen sentence aligned with the Commission's view that the appropriate range was 77 to 96 months. When a judge says alternatively that she would vary upward from the guideline range to reach the same sentence even if the guidelines did *not* recommend it, her statement does not undermine the presumption of reasonableness for a sentence within the range. As long as the sentence is indeed within a properly calculated advisory range, the judge's decision accords with the Commission's view, and a presumption of reasonableness is appropriate based on that "real-world circumstance."

Jones cites several allegedly mitigating circumstances that he says warranted a more lenient sentence. Given the deferential abuse-of-discretion standard that we must apply, *Gall v. United States*, 552 U.S. 38, 52 (2007), and the substantial latitude available to the district court in weighing the relevant factors under 18 U.S.C.

§ 3553(a), *United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009), we are not convinced that the court was required to vary downward from the advisory range. The sentence is not unreasonable.

The judgment of the district court is affirmed.

_____