# United States Court of Appeals

### For the Eighth Circuit

_____

No. 20-3700

_____

United States of America,

*Plaintiff - Appellee,*

v.

Darrell Two Hearts,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of South Dakota - Northern

_____

Submitted: October 22, 2021
Filed: April 25, 2022

_____

Before COLLOTON, SHEPHERD, and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

A jury found Darrell Two Hearts guilty of unlawful possession of a firearm as a prohibited person, in violation of 18 U.S.C. § 922(g). The district court[1] sentenced

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

him to 71 months' imprisonment. On appeal, Two Hearts challenges the sufficiency of the evidence to support his conviction, an evidentiary ruling at trial, and the calculation of the advisory guideline range at sentencing. We affirm.

## I.

The gun charge arose from a seizure on April 25, 2020, in Aberdeen, South Dakota. A court had issued an arrest warrant for Two Hearts, and law enforcement officers located him on a city street. An investigator used binoculars to watch Two Hearts from a distance, and saw him remove bags from the rear door of a sport utility vehicle. Shortly thereafter, a patrolman from the Aberdeen police department arrived and recorded Two Hearts on video carrying three bags away from the SUV. The patrolman directed Two Hearts to drop the bags and then placed him under arrest.

An investigator with the sheriff's office, suspecting that Two Hearts was armed, questioned him and asked where "the gun" was located. Two Hearts responded that he did not know what the investigator was talking about. The investigator then asked if the bags belonged to Two Hearts, and Two Hearts answered affirmatively. When asked who could come pick up the bags for him, Two Hearts responded that his mother could do so. An officer then searched Two Hearts and placed him in the backseat of a patrol vehicle for travel to jail. The searching officer found no weapon or contraband on the person of Two Hearts.

Investigators searched the three bags that Two Hearts was seen carrying. In a light gray backpack, a detective found a black handgun and a black holster. The handgun was loaded, and there was a round in the chamber. The backpack also contained a green Crown Royal bag. Inside the Crown Royal bag, the detective found an empty cigar pouch that contained a rolled-up rubber glove. Inside the rubber glove, the detective found a small plastic bag that contained a white crystal-like substance. The detective also found several items of drug paraphernalia in a pocket

of the backpack: a smoking device (described by the prosecutor as a "pot pipe"), a marijuana grinder, and several syringes (including one with an unspecified liquid in it). Officers searched the other two bags and found men's clothing but no contraband or identifying information.

When Two Hearts arrived at the jail, a correctional officer searched him and found a small plastic bag that contained a white substance inside the front right coin pocket of his pants. The jailer gave the bag to a police officer, who placed it in an evidence bag, drove it to the police department, and placed it in an evidence locker. The police officer completed a drug data collection form and described the evidence as a "white substance in a bag." The officer indicated that the evidence should be sent to the South Dakota State Health Laboratory for testing.

The state laboratory received the bag on May 7, 2020. A chemist examined the bag and discovered that "there were three baggies that were rolled up, and they had a rubber band around them." The chemist tested a substance from one of the three bags. The substance tested positive for 0.26 grams of methamphetamine.

Before Two Hearts was arrested, a detective discovered on the internet a Facebook account page with the profile name of Eric Smokes Plenty. The detective recognized Two Hearts as the person depicted in the profile picture. The picture shows Two Hearts pointing a gun at the camera. The government offered the photograph into evidence, and the court received it over Two Hearts's objection. At trial, the detective who found the Facebook profile could not say whether the gun in the photo was a real firearm or a replica. A special agent for the Bureau of Alcohol, Tobacco, Firearms, and Explosives also could not say definitively whether the gun in the photograph was a firearm, but he did testify that the front of the gun in the photograph was consistent with the firearm recovered from Two Hearts's bag.

At the close of the prosecution's case and at the close of the evidence, the district court denied Two Hearts's motions for judgment of acquittal. The jury convicted Two Hearts of unlawful possession of a firearm on two alternative theories: that he was an unlawful user of a controlled substance, 18 U.S.C. § 922(g)(3), and that he had been convicted of a crime punishable by a term of imprisonment exceeding one year. *Id.* § 922(g)(1). In determining an advisory guideline range at sentencing, the district court applied a four-level increase under USSG § 2K2.1(b)(6)(B) for possession of a firearm in connection with another felony offense—namely, felony possession of a controlled substance. The district court sentenced Two Hearts at the top of the advisory guideline range to a term of 71 months' imprisonment.

II.

A.

Two Hearts first challenges the district court's denial of his motions for judgment of acquittal. The offense required proof that he knowingly possessed a firearm, that he was a prohibited person, and that he knew he belonged to the relevant category of persons who are prohibited from possessing a firearm. *See Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). In reviewing a preserved challenge to the sufficiency of evidence, we consider the evidence in the light most favorable to the verdict, and assess whether any rational jury could have found the elements of the offense beyond a reasonable doubt. *United States v. Owens*, 966 F.3d 700, 708 (8th Cir. 2020).

Two Hearts argues that the government failed to prove that he knowingly possessed the firearm. This element may be satisfied by proof of actual or constructive possession. *United States v. Green*, 835 F.3d 844, 852 (8th Cir. 2016). The jury was instructed correctly that "[a] person who, although not in actual

possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it." R. Doc. 42, at 14; *see United States v. Gilmore*, 968 F.3d 883, 886 (8th Cir. 2020).

The record contains ample evidence from which a reasonable jury could conclude that Two Hearts constructively possessed the firearm. An investigator observed Two Hearts remove three bags from a vehicle. Video footage shows Two Hearts carrying three bags away from an SUV just before police apprehended him. After he was arrested, Two Hearts told officers that the bags belonged to him, and that his mother could pick them up. Officers found the loaded firearm in one of the bags. Two Hearts's physical control over that backpack, and his admission that the bag belonged to him, is sufficient to support a finding that he knew about the gun inside, and that he therefore constructively possessed the firearm.

Two Hearts also contends that even if the government proved knowing possession of the firearm, the evidence was insufficient to show that he was a prohibited person. The jury found that he was prohibited from possessing a firearm on two grounds, and sufficient evidence of either would be sufficient to sustain the conviction. We conclude that both grounds are supported by the record.

The jury first concluded that Two Hearts was "an unlawful user of . . . any controlled substance" when he possessed the firearm. 18 U.S.C. § 922(g)(3). This statute does not require use of a controlled substance at the exact moment that the defendant possessed a firearm. *United States v. Mack*, 343 F.3d 929, 933 (8th Cir. 2003). Rather, it is sufficient for the prosecution to establish that a defendant occupied the status of an "unlawful user" of drugs during the time that he possessed a firearm. *Id.* A jury reasonably may infer a defendant's drug-user status from the fact that he possessed a user quantity of illegal drugs. *United States v. Johnson*, 572 F.3d 449, 453 (8th Cir. 2009).

There was sufficient evidence to support a finding by the jury that Two Hearts possessed methamphetamine at the time of his arrest, and was an unlawful user of a controlled substance. Investigators seized a bag from Two Hearts's pants pocket that tested positive for 0.26 grams of methamphetamine. They also found in the backpack several items suggestive of drug use, including syringes, a white crystalline substance, a smoking device, and a marijuana grinder. Those seizures justified a finding that Two Hearts was a drug user.

Two Hearts argues that the inference is unreasonable because the evidence seized from his pants does not match the report of evidence tested at the state laboratory. The jailer who searched him reported finding one bag in his front right pocket, but the laboratory reported receiving three bags for testing. The chemist at the laboratory then tested only one of those three bags. Two Hearts theorizes that two of the bags received at the laboratory came from another source, so the government proved only a one-in-three chance that he possessed methamphetamine.

Viewed in the light most favorable to the verdict, however, the alleged discrepancy is satisfactorily explained. The chemist testified that upon examining the bag received from the jail, she discovered that "there were three baggies that were rolled up, and they had a rubber band around them." A reasonable jury could have concluded that the "one bag" found in Two Hearts's pocket consisted of three baggies that were rolled up and bound together by a rubber band. On that understanding, the baggie that contained methamphetamine came from Two Hearts's pocket, and the evidence supported a reasonable finding that he was an unlawful drug user.

As a second ground for conviction, the jury concluded that Two Hearts unlawfully possessed the firearm as a convicted felon. The court instructed the jury, in accordance with *Rehaif*, that the government must prove that the defendant "knew on or about April 25, 2020, that he was a prohibited person." R. Doc. 42, at 11. The jury found that element beyond a reasonable doubt, but Two Hearts now argues that

the government's evidence was insufficient to show that he knew of his status as a felon. In his motions for judgment of acquittal, Two Hearts challenged the sufficiency of the evidence on other grounds, but did not raise this point. We therefore review the contention for plain error only. *United States v. Samuels*, 874 F.3d 1032, 1036 (8th Cir. 2017); *see United States v. Olano*, 507 U.S. 725, 732-36 (1993). In this context, we have said that an error is plain only "if there is no evidence of the defendant's guilt or the evidence on a key element of the offense was so tenuous that a conviction would be shocking." *United States v. Calhoun*, 721 F.3d 596, 600 (8th Cir. 2013) (quoting *United States v. Villasenor*, 236 F.3d 220, 222 (5th Cir. 2000)).

There is no plain error warranting relief, because the evidence was sufficient to support a finding that Two Hearts knew of his status as a convicted felon. The parties stipulated at trial that he had "been convicted of a crime punishable by a term of imprisonment exceeding one year for purposes of 18 U.S.C. § 922(g)(1)." Although the stipulation addressed only the fact of the defendant's status as a felon, not the defendant's knowledge of his status, defense counsel proceeded in closing argument as though the stipulation resolved the knowledge element too: "Did he know he was a felon? Yes. He signed that stipulation. The government didn't have to prove that." R. Doc. 65, at 22.

Whether or not defense counsel conceded too much, or invited any error, the evidence was sufficient to support the finding. As we said in *United States v. Owens*, 966 F.3d 700 (8th Cir. 2020): "Rational jurors, using reason and common sense in light of their own observations and experiences, could infer beyond a reasonable doubt that a felony conviction would be a significant life event that a person would know about when it happened and remember at a later date." *Id.* at 709. And "it is highly improbable that a person could be convicted of a felony without being aware that his possible sentence would exceed one year's imprisonment." *Id.* (quoting *United States v. Miller*, 954 F.3d 551, 559 (2d Cir. 2020)). The jury reasonably could

have concluded based on the stipulation that Two Hearts knew of his status as a convicted felon. At a minimum, under the plain-error standard, the evidence was not "so tenuous that a conviction would be shocking." *Calhoun*, 721 F.3d at 600 (internal quotation omitted). It is therefore unnecessary, where the jury was properly instructed under *Rehaif*, to address whether our plain-error analysis should consider evidence adduced in the post-trial sentencing record that Two Hearts had sustained five previous felony convictions and served at least six years in custody. *Cf. Greer v. United States*, 141 S. Ct. 2090, 2098 (2021) (concluding that a trial "where the proper instruction was given, but where the Government did not introduce additional evidence to prove that [the defendant] knew he was a felon" is "not a realistic scenario").

B.

Two Hearts next challenges the admission of the Facebook photograph that shows him pointing a gun at the camera. We review the district court's evidentiary ruling for abuse of discretion. *United States v. Johnson*, 860 F.3d 1133, 1139 (8th Cir. 2017).

Two Hearts first argues that the photograph was not relevant. *See* Fed. R. Evid. 401, 402. Evidence is relevant if it has "any tendency to make a fact more or less probable" and "the fact is of consequence in determining the action." *Id.* 401. A disputed fact of consequence at trial was whether Two Hearts knowingly possessed a firearm in his backpack at the time of his arrest on April 25, 2020. The Facebook photograph was posted on March 14, 2020. Evidence that Two Hearts possessed a comparable firearm on a recent occasion was relevant to show that he knew about the firearm in his backpack on April 25. *See United States v. Rembert*, 851 F.3d 836, 839 (8th Cir. 2017).

Two Hearts argues, however, that admission of the Facebook photograph risked misleading the jury and unfairly prejudiced him, because the prosecution witnesses could not say definitively whether the gun in the photograph was a real firearm or the same firearm that officers found in his backpack. *See* Fed. R. Evid. 403. This contention is unavailing: the "mere possibility that the weapon could have been fake does not preclude a reasonable jury from finding that the gun was real." *United States v. Payne-Owens*, 845 F.3d 868, 875 (8th Cir. 2017) (internal quotation omitted). Though neither law enforcement witness who addressed the issue could say with certainty that the gun in the photograph was a real firearm, a federal firearms agent did testify that the front of the gun in the Facebook photograph was consistent with the firearm recovered from Two Hearts's backpack. Whether to infer that the firearm in the backpack was the gun displayed in the photograph of Two Hearts was a proper subject of argument to the jury. The absence of conclusive evidence that the items were the same does not create a risk of unfair prejudice or demonstrate an abuse of discretion in admitting the photograph.

C.

Two Hearts next argues that the district court committed procedural error at sentencing when it applied a four-level increase under the sentencing guidelines for possession of a firearm "in connection with another felony offense." USSG § 2K2.1(b)(6)(B). The guideline commentary provides that the increase applies if the firearm "facilitated, or had the potential of facilitating," a felony drug offense. *Id.*, comment. (n.14(A)). Possession of methamphetamine is a felony under South Dakota law, *see* S.D. Codified Laws § 22-42-5, and the court found that Two Hearts possessed the firearm in connection with that drug felony offense. In explaining why the increase applied, the district court found that Two Heart had methamphetamine on his person while he was carrying a backpack that contained a loaded handgun, thus creating "a very dangerous situation." We review the district court's finding that Two

-9-

Hearts possessed the firearm in connection with the felony drug offense for clear error. *United States v. Sneed*, 742 F.3d 341, 344 (8th Cir. 2014).

Two Hearts argues that the district court clearly erred by failing to make an explicit finding that his possession of the firearm "facilitated" his possession of the methamphetamine. We have strongly encouraged district courts to make an explicit finding on facilitation, but we have also recognized that "the guideline does not require that level of precision." *United States v. Jones*, 990 F.3d 1141, 1143 (8th Cir. 2021). Indeed, we "have never reversed a § 2K2.1(b)(6)(B) enhancement merely because a specific 'facilitate' finding was not made." *Sneed*, 742 F.3d at 344. The guideline does not allow an automatic increase simply because a defendant possesses drugs and a gun in the same proximity, but there is no error if "the record makes clear the district court understood and properly applied the 'facilitate' standard." *Id.*

The district court here adopted the conclusion of the presentence report that Two Hearts "possessed the firearm in connection with Possession of Controlled Substance," but did not make an explicit finding that the gun "facilitated" the possession. The court found that Two Hearts possessed methamphetamine and a loaded gun at the same time, and described this circumstance as "a very dangerous situation." We conclude that these comments, while minimal, are sufficient to show that the court did not apply the increase automatically based on mere proximity. By referring to the "very dangerous situation," the court evoked our decisions recognizing "the increased risk of violence whenever guns are in the possession of persons engaged in committing drug felonies," even those that involve a small amount of drugs for personal use. *United States v. Regans*, 125 F.3d 685, 686 (8th Cir. 1997). Theft of contraband is always a risk when a person possesses illegal drugs, and a weapon naturally facilitates the offense by providing protection and emboldening the offender. *Id.* at 686-87. The district court did not spell out this rationale in as much depth as we have encouraged, but the potential for facilitation is so readily apparent that "when a drug user chooses to carry illegal drugs out into

public with a firearm, an 'in connection with' finding will rarely be clearly erroneous." *Sneed*, 742 F.3d at 344 (internal quotation omitted). The district court did not clearly err in applying the four-level increase under the guidelines.

\* \* \*

The judgment of the district court is affirmed.

_____