# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1783
_____

United States of America

*Plaintiff - Appellee*

v.

Franklin Clark

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 9, 2023
Filed: June 7, 2023
[Unpublished]

_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Franklin Clark pleaded guilty to possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced him to 37 months' imprisonment. Clark appeals, arguing that the district court erred when it

_____

[1]The Honorable Rodney W. Sippel, then Chief Judge, United States District Court for the Eastern District of Missouri.

continued his sentencing hearing over his objection and when it applied a four-level sentencing enhancement for possessing a firearm in connection with another felony offense. We affirm.

I.

On August 4, 2020, Clark was pulled over by local law enforcement for operating a vehicle with expired license plates. Clark also had an "active parole violation warrant." Clark was arrested, and during a search, officers found in Clark's pocket a "clear plastic bag containing a crystallized substance," later confirmed to be 0.03 grams of methamphetamine. Clark also told the officers that there was a firearm in his car. Officers searched the car and found an unloaded handgun under a box on the passenger's seat and a magazine with ammunition wedged between the driver's and front passenger's seats.

Clark pleaded guilty to one count of possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The presentence investigation report (PSR) recommended that Clark receive a four-level enhancement under United States Sentencing Guidelines § 2K2.1(b)(6)(B) (2018) because he possessed the firearm "in connection with another felony offense, specifically, Possession of Methamphetamine." Clark objected.

The district court held a sentencing hearing on March 31, 2022. The parties confirmed that they had no objections to the facts in the PSR, but Clark maintained that those facts were insufficient to support the § 2K2.1(b)(6)(B) enhancement. Clark additionally argued that because the government failed to cite a statute for the drug offense, it had failed to "present evidence" that possession of methamphetamine "was in fact a felony offense." The court continued the hearing and asked the parties to "brief whether or not the possession of .03 grams of methamphetamine is a felony under either state or federal law." Clark objected, and the court asked the parties to discuss in their briefs the propriety of the continuance under the circumstances.

The sentencing hearing was reconvened on April 5, 2022. The district court found that the continuance had been necessary to allow the parties to address a new legal argument and proceeded with the hearing. The court then concluded that Clark's possession of a "residual amount" of methamphetamine was a felony offense under Missouri law and that the facts were sufficient to support the § 2K2.1(b)(6)(B) enhancement. Clark's resulting advisory Guidelines range was 37 to 46 months. The court imposed a sentence of 37 months' imprisonment, to be followed by 2 years of supervised release. Clark now appeals.

II.

A.

We begin with Clark's argument that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) by continuing the sentencing hearing and giving the government a "second bite at the apple" to prove the § 2K2.1(b)(6)(B) enhancement. We review de novo a district court's compliance with rules of criminal procedure. United States v. Theimer, 557 F.3d 576, 577 (8th Cir. 2009).

Under Rule 32(i)(3)(B), when a defendant objects to the "factual allegations" contained in the PSR regarding an issue on which the government has the burden of proof, "the government must present evidence at the sentencing hearing to prove the existence of the disputed facts." United States v. Poor Bear, 359 F.3d 1038, 1041 (8th Cir. 2004). Then, "as to each matter controverted," the district court must "make (i) a finding as to the allegation or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account." United States v. Atkins, 250 F.3d 1203, 1212 (8th Cir. 2001) (quoting Fed. R. Crim. P. 32(i)(3)(B)).

According to Clark, the district court was required to rule on his objection to the § 2K2.1(b)(6)(B) enhancement based on the record at the first sentencing hearing, and therefore, the continuance improperly granted the government a second

chance to present evidence in support of the enhancement. But Clark did not object to the facts in the PSR. He argued the government failed to prove that possession of methamphetamine was a "felony offense." See USSG § 2K2.1(b)(6)(B). And whether Clark's drug possession offense was a felony was not an evidentiary issue—it was solely a question of law. The parties offered no new evidence at the second hearing, and the district court considered no additional facts, stating "the facts are closed." Thus, the record does not support Clark's contention that the district court gave the government a second opportunity to meet its evidentiary burden regarding any dispute of fact. The district court committed no error under Rule 32.

B.

Clark also challenges the district court's application of a four-level enhancement under Guidelines § 2K2.1(b)(6)(B). We review de novo the district court's interpretation and application of the Guidelines, and we review for clear error its findings of fact. See United States v. Blankenship, 552 F.3d 703, 704 (8th Cir. 2009); United States v. Mitchell, 963 F.3d 729, 731 (8th Cir. 2020) ("This court reviews for clear error a district court's finding that a defendant possessed a firearm in connection with another felony offense.").

Under Guidelines § 2K2.1(b)(6)(B), a defendant's base offense level increases by four if he or she "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). "Another felony offense" means "any federal, state, or local offense," other than the underlying offense of conviction, that is "punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." Id. § 2K2.1, comment. (n.14(C)). For the enhancement to apply, the defendant's possession of the firearm must have "facilitated, or had the potential of facilitating," the other felony offense. Id. § 2K2.1, comment. (n.14(A)).

On appeal, Clark does not dispute that his possession of methamphetamine at the time of his arrest constituted a felony offense under Missouri law. See Mo. Rev. Stat. § 579.015 (2017); United States v. Fisher, 965 F.3d 625, 631 (8th Cir. 2020) ("Under Missouri law, possession of methamphetamine is a felony."). He instead contends that his possession of the firearm was "disconnect[ed]" from his possession of methamphetamine because the firearm was unloaded and on the passenger seat, while the drugs were "a user amount" found "in his pocket by his knee."

But "[t]he Guidelines do not require a loaded firearm," and the "'facilitate' standard may be met when a defendant concurrently possesses drugs and a firearm while in public, like in a car." United States v. Sneed, 742 F.3d 341, 344–45 (8th Cir. 2014) (cleaned up) (quoting United States v. Swanson, 610 F.3d 1005, 1008 (8th Cir. 2010)). The district court expressly found that Clark possessed the firearm "in connection with the controlled substances [offense]," and that the firearm "facilitate[d] or had the potential to facilitate the felony offense of possession of methamphetamine." In making this finding, the court principally relied on "the proximity of the drugs to the weapon," and it noted several facts: that the firearm was within "an arm's length reach of Mr. Clark, who was operating the vehicle"; that the firearm itself "was on the passenger seat next to" Clark; that "a magazine with four live rounds of ammunition" was found "tucked between the seats" between Clark and the firearm; and that while "another party wouldn't [have] know[n]" whether the firearm was loaded or unloaded, the firearm "certainly had the ability . . . to be used and was certainly ready to be used."

On these facts, the district court did not clearly err in applying the enhancement. See, e.g., Swanson, 610 F.3d at 1008 (concluding that the district court did not clearly err in applying the § 2K2.1(b)(6) enhancement where the defendant "had the firearm and [drugs] in public, with him in his car," "both [were] within his immediate reach," and the firearm and drugs "were purposefully together and not close in proximity as a matter of coincidence"); Sneed, 742 F.3d at 341, 344–45 (holding that the district court did not clearly err in finding it "probable" that a firearm "was connected with [the defendant's] drug offense" where an unloaded

firearm was found in a backpack that the defendant dropped while he fled from police and 2.17 grams of methamphetamine were found in his front pocket).

## III.

Based on the foregoing, we affirm the judgment of the district court.

_____