# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1930
_____

United States of America

*Plaintiff - Appellee*

v.

Chris Lee Gordon

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: June 9, 2025
Filed: August 1, 2025
[Unpublished]

_____

Before LOKEN, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Chris Gordon pled guilty to one count each of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). The district court[1] sentenced him to a 144-month term of imprisonment. Gordon appeals

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

his sentence claiming the district court erred when it applied a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B), for possessing a firearm in connection with another felony offense. We affirm.

On July 24, 2022, an Iowa City police officer stopped a vehicle with a malfunctioning break light. As the officer approached the vehicle, he noted an odor of burnt marijuana and observed Gordon in the back seat. Gordon was asked to exit the vehicle, and other officers arrived to assist with the stop. An officer searched the vehicle and found a 9-millimeter pistol, with a loaded extended magazine near where Gordon had been sitting. The pistol did not have a serial number and Gordon disclaimed ownership of it. When the officer asked whether Gordon's fingerprints would be found on the pistol, he stated "everyone touches it." Gordon repeated that answer when asked whether he handled the pistol the night of the traffic stop.

Because Gordon had several active arrest warrants, he was taken into custody. Officers successfully sought a warrant and executed a search of his cell phone. The phone contained 613 photos of firearms, most of them downloaded from the internet, as well as photos of drugs. It also contained conversations arranging the sale of drugs and discussing the transfer of firearms.

Gordon pled guilty pursuant to both charges. At sentencing, over Gordon's objection, the district court found Gordon possessed a gun in connection with "the felony drug crimes of possession with intent to distribute a controlled substance, conspiracy to distribute a controlled substance, [and] distribution of a controlled substance." The district court determined Gordon's firearm furthered his drug distribution activities because his drug-related conversations were clustered around the dates he admittedly possessed a gun or ammunition, and guns are known tools of the drug trade. Based on that finding, the district court applied § 2K2.1(b)(6)(B), which increased Gordon's offense level by four.

The district court calculated an advisory Guidelines range of 87 to 108 months' imprisonment, based on Gordon's category III criminal history and total

offense level of 27. After considering the factors set forth in 18 U.S.C. § 3553(a), the district court imposed an above-Guidelines sentence of 144 months' imprisonment. Gordon appeals application of § 2K2.1(b)(6)(B).

We review the district court's findings supporting a Guidelines enhancement for clear error. United States v. Wilson, 122 F.4th 317, 325 (8th Cir. 2024). A firearm or ammunition is possessed "in connection with" another offense if it "facilitated, or had the potential of facilitating," the other offense. U.S.S.G. § 2K2.1 cmt. n.14(A). Gordon contends no evidence indicated he simultaneously possessed a gun and drugs or supports a conclusion that his gun facilitated a felony drug distribution offense. This argument ignores evidence in the record indicating Gordon sold and offered to sell drugs while he possessed a firearm. Text messages on Gordon's phone from July 22 and 23 show he discussed drug quantities with one individual. The next day, July 24, 2022, he was arrested, and one of his guns was seized. Gordon's messages from earlier in 2022 are similar. In texts sent in April 2022, Gordon arranged a drug transaction, explained to an individual that he had been "making moves on the weed side," and responded affirmatively to a message proposing that he provide marijuana to another person. The government also introduced videos from Gordon's phone, dated March and April 2022, that show vacuum-sealed marijuana, marijuana being weighed, and Gordon counting money.

On this evidence, the district court did not clearly err when it found Gordon committed a felony controlled substance offense. See 21 U.S.C. § 841(a)(1); Iowa Code § 124.401(1). Nor did it err when it determined the firearm furthered a controlled substance offense, as this Court has repeatedly recognized firearms are tools of the drug trade. See, e.g., United States v. Two Hearts, 32 F.4th 659, 666 (8th Cir. 2022) (observing firearms provide protection and embolden the offender). That longstanding insight, together with Gordon's history of drug offenses, supported the district court's determination that Gordon possessed a gun to further drug distribution activities. See United States v. Crutchfield, 979 F.3d 614, 617

(8th Cir. 2020).  Because there was no error, clear or otherwise, in the district court's application of the enhancement pursuant to § 2K2.1(b)(6)(B), we affirm.

_____