# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2977
_____

United States of America

*Plaintiff - Appellee*

v.

Andrew Albert Comeaux

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: April 11, 2022
Filed: April 22, 2022
[Unpublished]
_____

Before LOKEN, ARNOLD, and KOBES, Circuit Judges.
_____

PER CURIAM.

A government investigation into illegal activities on Andrew Comeaux's rural Minnesota property led to him pleading guilty to being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). At sentencing, the district court[1]

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

determined that Comeaux's recommended sentencing range was 70–87 months' imprisonment and sentenced him to 75 months. He maintains on appeal that the sentencing range was too high because the district court should not have applied an enhancement to him for possessing firearms in connection with another felony offense. *See* USSG § 2K2.1(b)(6)(B). We disagree and so affirm.

The enhancement in question provides for a four-level increase to a defendant's offense level where the defendant "used or possessed any firearm . . . in connection with another felony offense." *Id.* At a pre-sentencing evidentiary hearing, the government called a police officer who had investigated Comeaux to testify about, among other things, an incident between Comeaux and one Keith Beene. The officer testified that Beene had told him that, while Beene was on Comeaux's property tinkering with an inoperable car, Comeaux "went berserk" and "shot up the car with an AR 15" with Beene "standing there." In addition, the government introduced a report summarizing a conversation between the officer and Beene where Beene said that Comeaux had shot at the car with Beene standing nearby.

Comeaux also testified about the incident. He explained that Beene was a friend of someone living on Comeaux's property and that one day he saw Beene's car on Comeaux's driveway with doors open and wheels off and Comeaux's "tools scattered all around the car." He said that Beene sat "passed out" in another car "right next to" the inoperable car, and he told Beene that his property was "not a junky campground" and that Beene "should not be here." So, Comeaux testified, he shot an AR 15 into the unoccupied car and told Beene "to get his crap and get moving," which Comeaux hinted may have been a sanitized version of his actual words, and "told him never to come back."

At sentencing, the district court found that the enhancement applied because Comeaux had possessed firearms in connection with two other felony offenses, namely, second-degree assault and drug trafficking. Because we affirm the district

court on the ground that the firearms were used in connection with an assault, we do not consider whether the district court clearly erred when it found a connection between the firearms and drug trafficking. In its findings on the assault, the district court pointed out that, though Beene was not inside the car that Comeaux shot into, there was evidence that he was "standing next to the car" and thus in danger. The court declined to credit Comeaux's testimony "that Beene was passed out in another car" because it found that Comeaux was not a credible witness. The court explained that Comeaux "was often evasive" while testifying and "sometimes gave answers that were difficult to believe and that were clearly intended to try to minimize his culpability." After providing examples supporting these observations, the court explicitly found that "Comeaux used the firearm in connection with a felony assault."

We review for "clear error a district court's finding that a defendant possessed a firearm in connection with another felony offense." *United States v. Mitchell*, 963 F.3d 729, 731 (8th Cir. 2020). Comeaux asserts that he did not commit second-degree assault because he "did not point a gun at Beene" and because Beene was not in the car that Comeaux shot into. According to Minnesota law, a person who "assaults another with a dangerous weapon" commits second-degree assault. *See* Minn. Stat. § 609.222, subd. 1. The statute, meanwhile, defines an assault to include "an act done with intent to cause fear in another of immediate bodily harm or death." *See id.* § 609.02, subd. 10(1).

Even though Comeaux did not point the gun at Beene or fire shots into a car that Beene occupied, he nevertheless could have acted "with intent to cause fear in another of immediate bodily harm or death." When someone shoots several rounds from an assault rifle into an object near a person (or as Comeaux himself testified, into a car "right next to" a car where Beene sat), one can reasonably infer that the shooter intended to cause fear of immediate bodily harm or death. That inference is even easier to draw here since, according to Comeaux's own testimony, he was apparently angry at Beene and had ordered him to leave his property and never return.

-3-

In these circumstances, it could hardly be clear error to find that Comeaux had fired off warning shots and that he wanted Beene to think that Comeaux might immediately turn the gun toward Beene if Beene didn't heed Comeaux's orders.

One Minnesota authority in particular confirms our view. In *State v. Marczak*, the defendant argued that the record didn't support his conviction for second-degree assault because the evidence showed that he might not have fired his gun into an occupied shed as alleged but into some nearby trees. A19-0638, 2020 WL 1515722, at *1–4 (Minn. Ct. App. Mar. 30, 2020) (unpublished). But the Minnesota Court of Appeals explained that, even if the defendant shot only into nearby trees, it could rationally be inferred "that he intended to cause fear of immediate bodily harm." *Id.* at *4. "If appellant's intent in firing a rifle (in any direction) was to make the trespassers afraid so that they would leave his property," then it would be rational to infer "that he intended them to fear that they would be hit with a bullet immediately if they did not leave—which is an intent to cause fear of immediate bodily harm." *Id.* Just so here.

Comeaux attempts to distinguish *Marczak* by arguing that the victims there, being in an enclosed shed, might have thought that the shooter was aiming at them, whereas Beene should have known that Comeaux wasn't aiming at him. In making this argument, though, Comeaux appears to assume, once again, that an assault can occur only if one aims a gun or gunshots at another. We have already rejected that view. Even if Beene realized that Comeaux was not shooting at him, it's still quite reasonable to conclude that Comeaux's shots were meant to place Beene in fear of immediate bodily harm or death. The point, as the *Marczak* court noted, is that one commits an assault if "he intended [his victims] to fear that they would be hit with a bullet immediately if they did not leave," regardless of the direction in which the gun is shot. *See id.*

Comeaux also takes issue with the court's adverse credibility finding, arguing that it should not have favored the officer's "general summary of Beene's ambiguous hearsay statement" over Comeaux's live testimony. But the court's credibility finding is "virtually unassailable on appeal," *see United States v. Janis*, 995 F.3d 647, 651–52 (8th Cir. 2021), and the court amply explained why it chose not to credit that portion of Comeaux's testimony. Further, courts may consider hearsay at sentencing so long as it "bears sufficient indicia of reliability to support its probable accuracy." *See United States v. Ngombwa*, 893 F.3d 546, 557 (8th Cir. 2018); *see also* USSG § 6A1.3(a). Comeaux's own testimony largely confirmed the account of the incident to which the hearsay related, and so we decline to say that the court gave that evidence too much weight or should not have considered it. Finally, we don't think the adverse credibility finding harms Comeaux much anyway since he himself testified that Beene sat in a car "right next to" the car Comeaux shot. We don't detect any material difference between his testimony and the court's finding that Beene "was standing next to the car." Comeaux essentially stands convicted out of his own mouth.

Affirmed.

_____